281 F.2d 577
 60-2 USTC P 9638
 George D. PATTERSON, District Director of Internal Revenue,
for District of Alabama, Appellant and Cross-Appellee,
v.
L. A. SIMS, Appellee and Cross-Appellant.
L. A. SIMMS, Appellee and Cross-Appellant,
v.
George D. PATTERSON, District Director of Internal Revenue,
for District of Alabama, Appellant and Cross-Appellee.
 No. 18121.
 United States Court of Appeals Fifth Circuit.
 Aug. 5, 1960.
 
 Joseph Kovner, Lee A. Jackson, Attys., Dept. of Justice, Washington, D.C., Charles K. Rice, Asst. Atty. Gen., W. L. Longshore, U.S. Atty., Birmingham, Ala., Harry Baum, Atty., Dept. of Justice, Washington, D.C., M. L. Tanner, Asst. U.S. Atty., Birmingham, Ala., for appellant.
 J. Foy Guin, Jr., Russellville, Ala., Guin, Guin & Cleere, Russellville, Ala., of counsel, for appellee and cross-appellant.
 Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.
 RIVES, Chief Judge.
 
 
 1
 This appeal and cross-appeal concern the extent of the liability for interest of a transferee of property[1] of a delinquent income taxpayer.
 
 
 2
 The facts were stipulated and may be briefly summarized. On March 13, 1950, delinquent income taxes for the years 1946 and 1947 were assessed against Jennie M. Brown, totalling for both years $39,792.48, taxes, plus $5,406.28, interest, and $19,752.25, penalty, or an aggregate of $64,951.01. This assessment has not been paid. A federal tax lien against Jennie M. Brown was not filed until November 26, 1952.
 
 
 3
 Meanswhile, on January 15, 1951, Jennie M. Brown had conveyed approximately 5,195 acres of land and timber in Alabama to L. A. Sims for a consideration of $25,900.00. The District Director estimated the value of these assets at $67,091.54, and, on November 6, 1953, a jeopardy assessment under the provisions of Section 273 of the Internal Revenue Code of 1939 was made against Sims as transferee. Notice of that assessment was mailed to Sims on November 17, 1953, claiming $41,191.54 as the value of the assets transferred in excess of the consideration paid. Instead of paying the assessment, Sims filed a timely petition in the Tax Court. The Tax Court action was settled by agreement of the parties, whereby Sims agreed to accept transferee liability under Section 311 of the Internal Revenue Code of 1939,[2] and the parties agreed to accept a valuation of the assets transferred at $60,000.00, and a net benefit to the transferee of $33,300.00. Upon that stipulation the Tax Court, on August 2, 1955, entered its decision:
 
 
 4
 'That there is a liability due from the petitioner as transferee of assets of Jennie M. Brown, Red Bay, Alabama, transferor for income tax and section 293(b) penalty for the taxable year ended December 31, 1946 in the respective amounts of $3,004.91 and $1,502.45 and income tax and section 293(b) penalty for the taxable year ended December 31, 1947 in the respective amounts of $19,272.70 and $9,519,94, plus interest thereon, as provided by law.'
 
 
 5
 While the parties thus agreed upon Sims' liability as transferee in the amount of $33,300.00, they have not been able to agree on the extent of his liability for interest. Prior to the stipulation before for the Tax Court, and at all times since, the Government has insisted that Sims owed interest upon the $33,300.00 from January 15, 1951, the date of the transfer. Accordingly on April 25, 1955, Sims paid the total sum of $42,344.23, representing the $33,300.00 plus interest in the amount of $5,614.92 upon that sum from January 15, 1951 to November 6, 1953, plus interest in the amount of $3,429.31 upon $38,914.92 ($33,300.00 k $5,614.94) from the date of notice and demand, November 17, 1953, to the date of payment. Sims filed a claim for refund of the $9,044.23 interest, which was disallowed, and Sims thereupon filed this action. The district court held that Sims was not liable for interest on the $33,300.00 from the date of the transfer, January 15, 1951, to the date of notice of deficiency assessment of transferee liability and demand for payment, November 17, 1953, but was liable for interest from the latter date to the date of payment.[3] Accordingly, the district court entered judgment for Sims in the amount of $6,169.94. Both parties appeal.
 
 
 6
 Several different periods might be involved in a transferee liability for tax deficiencies of the taxpayer-transferor. No question is presented in this case (a) as to the interest included in the deficiency assessment against the transferor, or (b) as to the interest on such deficiency assessment accruing prior to the thansfer. The taxes owed by the transferor at the time of the transfer, without including interest, amounted to $39,792.48, which was in excess of the net benefit received by the transferee, $33,300.00.
 
 
 7
 The Government's appeal asserts (1) liability of the transferee for interest on the net benefit received by the transferee accruing from the date of the transfer to the date of receipt of deficiency notice of transferee liability; while Sims' cross-appeal relates to (2) liability of the transferee for interest accuring after the latter date.
 
 
 8
 It is settled that Section 311 (n. 2, supra) does not create or define a transferee's substantive liability, but simply provides a new procedure, in lieu of an action at law or bill in equity, by which the Government may collect taxes directly from a transferee of property of a taxpayer. Commissioner of Internal Revenue v. Stern, 1958, 357 U.S. 39, 42-45, 78 S.Ct. 1047, 2 L.Ed.2d 1126; United States v. Bess, 1958, 357 U.S. 51, 53, 78 S.Ct. 1054, 2 L.Ed.id 1135. Those cases make it abundantly clear that the substantive liability of a transferee under Section 311 is determined by state law.[4]
 
 
 9
 As to liability of a transferee in addition to the value of the property received, the Alabama decisions draw a clear distinction between cases of actual fraud and those of constructive fraud.[5] We are concerned here with a transfer which Sims conceded by the stipulation to the constructively fraudulent, and we find no sufficient evidence in the record to prove actual fraud. In the case of a constructively fraudulent transfer, under Alabama law the transferee would be liable neither for interest nor for rents and profits for the use and occupation of the property until after the filing of the creditor's bill. He would be liable for the use and occupation of the property 'from the filing of the bill to the day of sale of the premises.' Potter and Son v. Gracie, 1877, 58 Ala. 303, 309; see also, Gordon, Rankin and Co. v. Tweedy, 1881, 71 Ala. 202.
 
 
 10
 Since the Supreme Court in the Stern case, supra, held that Section 311 was a substitute for bringing a bill in equity, we may safely equate the filing of the creditor's bill under Alabama law with the notice of the transferee assessment under Section 311. Under Alabama law and under Section 311, Sims as transferee was liable for no addition to the value of the property received either by way of interest or by accounting for rents and profits prior to the date on which he received notice of the assessment against him as transferee.
 
 
 11
 After the filing of a creditor's bill a constructively fraudulent transferee would be liable, under Alabama law, to an accounting for rents and profits. At this point, however, Section 311 (n. 2, supra) specifically makes applicable the provisions of the federal statutes 'in case of delinquency in payment after notice and demand.' State law is therefore not a determinant of transferee liability subsequent to the notice of the transferee assessment under Section 311. Rather, Section 294(b), Internal Revenue Code 1939, furnishes the applicable rule:
 
 
 12
 '294. Additions to the tax in case of nonpayment
 
 
 13
 '(b) Deficiency. Where a deficiency, or any interest or additional amounts assessed in connection therewith under section 292, or under section 293, or any addition to the tax in case of delinquency provided for in section 291, is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 6 per centum per annum from the date of such notice and demand until it is paid. If any part of a deficiency prorated to any unpaid installment under section 272(i) is not paid in full on or before the date prescribed for the payment of such installment, there shall be collected as part of the tax interest upon the unpaid amount at the rate of 6 per centum per annum from such date until it is paid.' 26 U.S.C. 294(b).
 
 
 14
 Our final conclusion is that the judgment of the district court should be, and the same is
 
 
 15
 Affirmed.
 
 
 
 [1]
 Specifically of real property in the State of Alabama
 
 
 [2]
 '311. Transferred assets
 '(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):
 '(1) Transferees. The liability, at law or in equity, of a transferee of property to a taxpayer, in respect of the tax (including interest, additional maounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.' 26 U.S.C. (1952 ed.) 311.
 
 
 [3]
 In its memorandum, the district court said:
 'As tranferee of certain assets of the delinquent taxpayer, Jennie M. Brown, plaintiff was responsible for interest on the value of such assets received by him from November 17, 1953, the date of the deficiency assessment and notice thereof, to the date of payment, viz., April 25, 1955. Cf. Voss v. Wiseman, 10 Cir., 1956, 234 F.2d 237.
 'Plaintiff, as he had a right to do, sought a redetermination of his liability in the Tax Court, which assessed his liability at $33,300.00, after accepting the stipulation of the parties that the net benefit to plaintiff transferee was in such amount. Munlike the ambiguous decision of the Tax Court, considered in Voss v. Wiseman, supra, the decision of that court involved herein made it clear that plaintiff's liability as transferee for income taxes and penalties was to bear interest as provided by law.
 
 
 [4]
 The legislative history of the original predecessor to Section 311, Section 280 of the Revenue Act of 1926, c. 27, 44 Stat. 9 (S.Rep. 52, 69th Cong. 1st Sess. (1926), pp. 28-30; H.Conf.Rep. No. 356, 69th Cong. 1st Sess; (1926), p. 44; 1939-1 Cum.Bull. (Part 2) 332-354, 355, 361, 373) seems to indicate that the United States is entitled to interest accruing after the transfer, if under state law a transferee would be so liable to a private creditor
 
 
 [5]
 See Potter and Son v. Gracie, 1877, 58 Ala. 303; Gordon, Rankin and Co. v. Tweedy, 1881, 71 Ala. 202; Kitchell v. Jackson, 71 Ala. 556; Caldwell v. King, 1884, 76 Ala. 149; Tissier v. Wailes, Ala. 1905, 39 So. 924; Miller v. Buell, 1933, 226 Ala. 212, 146 So. 613