GABRIEL J. BAPTISTE, JR., TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

RICHARD M. BAPTISTE, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 383–90, 384–90.[1]        Filed March 29, 1993.

*Paul J. Peter,* for petitioners.
*J. Anthony Hoefer,* for respondent.

WHITAKER, *Judge:* This matter is before the Court on respondent's separate motions for summary judgment filed pursuant to Rule 121.[2] The issue for decision is whether petitioners are liable for interest under Federal law on the amount of their personal liabilities for unpaid estate tax from the due date of the transferor's estate tax return.

---

[1] These cases were consolidated for purposes of briefing and opinion pursuant to a joint motion filed by the parties.

[2] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

## FINDINGS OF FACT

On September 26, 1981, Gabriel J. Baptiste (hereinafter decedent) died possessing incidents of ownership with respect to certain insurance policies on his life. On or about November 16, 1981, Gabriel J. Baptiste, Jr., and Richard M. Baptiste received $50,000 apiece as beneficiaries of the insurance on decedent's life. On December 29, 1982, the Estate of Gabriel J. Baptiste, Barbara Baptiste, Statutory Executrix (hereinafter the transferor), filed a Federal estate tax return.

On September 18, 1985, respondent mailed a notice of deficiency to the transferor determining a deficiency in estate tax. On December 16, 1985, the transferor timely filed a petition with this Court contesting the notice of deficiency issued with respect to decedent's estate. On May 13, 1988, this Court entered a stipulated decision in *Estate of Baptiste v. Commissioner,* docket No. 44928–85, showing a deficiency in estate tax due from the transferor in the amount of $62,378.48. As of October 6, 1989, the estate tax liability of the transferor, plus interest thereon as provided by law, remained unpaid.

On October 6, 1989, respondent mailed separate notices of transferee liability to Gabriel J. Baptiste, Jr., and to Richard M. Baptiste asserting a liability against each petitioner for estate tax in the amount of $50,000, plus interest as provided by law, as an insurance beneficiary and transferee of property of the transferor. On January 2, 1990, petitioners filed separate petitions contesting the asserted liability.[3] Respondent subsequently filed motions for summary judgment requesting an adjudication in respondent's favor on all legal issues in controversy. On April 1, 1992, this Court filed separate opinions wherein it was determined that each petitioner was personally liable for unpaid estate tax to the extent of the value, at the time of decedent's death, of each petitioner's interest in the proceeds of insurance on decedent's life.[4] We reserved judgment, however, as to the existence and extent of petitioners' respective liabilities for interest under both State and Federal law for the periods before and after

---

[3] As of the date petitioners' respective petitions were filed with the Court, Gabriel J. Baptiste, Jr.'s legal residence was in Lincoln, Nebraska, and Richard M. Baptiste's legal residence was in Fort Pierce, Florida.

[4] At the time of decedent's death, the value of the proceeds of insurance on decedent's life payable to each petitioner was $50,000.

respondent's issuance of the statutory notices of transferee liability.[5]

OPINION

In our prior opinions we determined that each petitioner was personally liable for unpaid estate tax to the extent of $50,000—the value, at the time of decedent's death, of each petitioner's interest in the proceeds of insurance on decedent's life. The issue for decision herein is whether petitioners are liable for interest under Federal law on the amount of their personal liabilities for unpaid estate tax from the due date of the transferor's estate tax return.

Respondent contends that, in accordance with section 6601(a) and section 6601(b)(4), petitioners are liable for interest from the due date of the transferor's estate tax return.[6] Pursuant to section 6601(a), interest shall be paid on any unpaid amount of tax for the period from the last date prescribed for payment to the date paid. Pursuant to section 6601(b)(4), where the last date for payment of a tax is not otherwise prescribed, then the last date for payment shall be deemed to be the date on which the liability arose.[7] Petitioners received the proceeds of insurance on decedent's life prior to the due date of the transferor's estate tax return. Therefore, pursuant to section 6324(a)(2), petitioners' personal liabilities for unpaid estate tax arose on the due date of the transferor's estate tax return.[8]

Petitioners contend that, in accordance with section 6324(a)(2) and section 6601(e)(1), their personal liabilities for unpaid estate tax and for interest accrued thereon are limited to $50,000 apiece. Pursuant to section 6324(a)(2), if an

---

[5] See *Richard M. Baptiste, Transferee v. Commissioner,* T.C. Memo. 1992-198; *Gabriel J. Baptiste, Jr., Transferee v. Commissioner,* T.C. Memo. 1992-199.

[6] Respondent contends that each petitioner is liable for interest on his personal liability for unpaid estate tax in the amount of $50,000, not that each petitioner is liable for interest owed by the transferor on its unpaid estate tax in the amount of $62,378.48.

[7] Pursuant to sec. 6601(b), the last date prescribed for payment of a tax shall be determined under ch. 62 with the application of rules set forth in sec. 6601(b)(1) through (4). The provisions of ch. 62 do not specify the last date for payment of a transferee's personal liability for unpaid estate tax. Therefore, on the facts before us, the last date prescribed for payment is determined in accordance with sec. 6601(b)(4).

[8] Sec. 6324(a)(2) imposes a personal liability for unpaid estate tax on a transferee who "receives" property included in the decedent's gross estate under secs. 2034 through 2042. Consequently, a transferee's personal liability arises on the later of the due date of the transferor's estate tax return, or the date property included in the decedent's gross estate is received by the transferee.

estate tax is not paid when due, then certain beneficiaries of the estate are personally liable for the unpaid estate tax to the extent of the value, at the time of the decedent's death, of any property received from the estate. Pursuant to section 6601(e)(1), any reference in the Code (except subchapter B of chapter 63) to any tax shall be deemed also to refer to interest imposed on such tax. Thus, petitioners assert that section 6324(a)(2) limits their personal liabilities for unpaid estate tax to $50,000, respectively, and that section 6601(e)(1) subjects interest imposed on their personal liabilities for unpaid estate tax to the same limitation.

We agree with respondent's contention that petitioners are liable for interest from the due date of the transferor's estate tax return.[9] Furthermore, we disagree with petitioners' contention that their personal liabilities for unpaid estate tax and for interest accrued thereon are limited to $50,000 apiece. The limitation imposed by section 6324(a)(2) applies to a transferee's liability for unpaid estate tax and for interest accrued thereon owed by a transferor; it does not apply to a transferee's liability for interest accrued on unpaid estate tax owed by the transferee. Section 6324(a)(2) imposes a direct, personal, and primary obligation on a transferee. *Schuster v. Commissioner,* 312 F.2d 311, 315 (9th Cir. 1962), affg. 32 T.C. 998, 1006 (1959); *Estate of Whittle v. Commissioner,* 97 T.C. 362, 367 (1991); *Groetzinger v. Commissioner,* 69 T.C. 309, 316 (1977). Thus, interest accrues on a transferee's personal liability for unpaid estate tax notwithstanding the limitation imposed by section 6324(a)(2) on a transferee's liability for amounts owed by a transferor.

Petitioners cite *Poinier v. Commissioner,* 858 F.2d 917 (3d Cir. 1988), revg. in part 86 T.C. 478 (1986), as authority for the proposition that section 6601(a) does not impose interest on a donee's personal liability for unpaid gift tax. In *Poinier,* the remainderman of a testamentary trust executed a disclaimer renouncing her interest in the trust. The resulting

---

[9] In *Estate of Stein v. Commissioner,* 37 T.C. 945, 959 (1962), we stated that sec. 6601 imposes interest on a transferee subsequent to the issuance of a notice of deficiency. See *Patterson v. Sims,* 281 F.2d 577, 580 (5th Cir. 1960). In *Estate of Stein,* petitioner's liability for the amount of unpaid tax and the date petitioner's liability arose were determined in accordance with State law. In the matter before us, by contrast, petitioners' respective liabilities for unpaid estate tax and the date petitioners' liabilities arose were determined in accordance with sec. 6324(a)(2). For purposes of sec. 6601(a), the date a transferee's liability for tax arises and the date interest commences to accrue depend upon the State or Federal law creating the liability.

transfer of the trust's assets was held to be taxable under the Federal gift tax provisions, and donees of the assets were held to be liable for unpaid gift tax to the extent of the value of such assets. Reversing a decision of this Court, the Court of Appeals for the Third Circuit held that the donees were not liable for interest on the amount of their personal liabilities for unpaid gift tax subsequent to the issuance of the notice of transferee liability.[10]

The issue presented for decision herein is whether petitioners are liable for interest subsequent to the due date of the transferor's estate tax return, not whether they are liable for interest subsequent to the issuance of the notice of transferee liability. In *Poinier v. Commissioner, supra,* the Third Circuit found no "explicit statutory authority" for imposing interest on a donee subsequent to the issuance of the notice of transferee liability. As set forth above, we have determined that (1) pursuant to section 6601(a), interest shall be paid from the last date prescribed for payment; (2) pursuant to section 6601(b)(4), the last date prescribed for payment is deemed to be the date on which the liability arose; and (3) pursuant to section 6324(a)(2), petitioners' personal liabilities arose on the due date of the transferor's estate tax return. Consequently, explicit statutory authority does exist for imposing interest on a transferee subsequent to the due date of the transferor's estate tax return.

Additionally, the facts and law before the Court of Appeals for the Third Circuit in *Poinier v. Commissioner, supra,* presented a concern not extant in this case. In *Poinier,* the amount transferred to each donee ($5,225,311.71) exceeded the transferor's unpaid gift tax liability ($4,881,386.52) by $343,925.19; consequently, pursuant to section 6324(b) and the predecessor to section 6601(e)(1), each donee was personally liable for the transferor's unpaid gift tax liability of $4,881,386.52, plus interest accrued thereon and owed by the transferor of $343,925.19. Pursuant to section 6601(f)(2) as then in effect, however, no interest was payable on interest imposed by section 6601. Thus, the Third Circuit concluded that to impose interest on the transferee's liability of

---

[10] The decisions herein are appealable to the Court of Appeals for the Eighth Circuit (docket No. 383–90) and the Court of Appeals for the Eleventh Circuit (docket No. 384–90), respectively.

$5,225,322.71 would violate section 6601(f)(2)'s prohibition against the imposition of interest on interest.

On the facts before us, the amount transferred to each petitioner ($50,000) was less than the transferor's unpaid estate tax liability ($62,378.48); consequently, pursuant to section 6324(a)(2) and section 6601(e)(1), each petitioner is personally liable for the transferor's unpaid estate tax liability to the extent of $50,000, but neither petitioner is personally liable for interest accrued thereon and owed by the transferor. Additionally, section 6601(f)(2)'s prohibition against the imposition of interest on interest was repealed as of December 31, 1982. Thus, the compounding of interest which concerned the Court of Appeals for the Third Circuit in *Poinier v. Commissioner, supra,* is irrelevant in the instant case.

Notwithstanding the foregoing distinctions between the issue, facts, and law under consideration in *Poinier v. Commissioner, supra,* and those presently before the Court, we emphasize that our decision herein is consistent with our decision in *Poinier* and with the rationale set forth therein. In each instance, the Government was denied the use of money due it; consequently, section 6601(a) imposed a liability for interest upon the transferee. That was, and remains, this Court's position with respect to the imposition of interest under Federal law on a transferee's liability for unpaid tax.

In accordance with our opinion herein, we hold that each petitioner is liable for interest under Federal law on the amount of his personal liability for unpaid estate tax from the due date of the transferor's estate tax return, and that the limitation imposed by section 6324(a)(2) does not apply to petitioners' respective liabilities for such interest.

*Appropriate orders and decisions will be entered for respondent.*

Reviewed by the Court.

CHABOT, PARKER, SHIELDS, COHEN, SWIFT, JACOBS, GERBER, WRIGHT, PARR, RUWE, and LARO, *JJ.,* agree with the majority opinion.

RUWE, *J.*, concurring: I agree with the majority's analysis of the interplay between personal liability under section 6324(a)(2) and interest on such liability pursuant to section 6601. I think it appropriate, however, to add a few words about the liability limitation provision contained in section 6324(a)(2).

Personal liability under section 6324(a)(2) does not arise until the following two conditions are met: (1) There must be an estate tax liability due and unpaid, and (2) property included in the gross estate must have been received by a transferee or other person designated by section 6324(a)(2). Thus, it is possible that personal liability under section 6324(a)(2) may arise at the time when the estate tax becomes due and remains unpaid, as in this case, or it may arise later, if a transfer occurs after the date that the estate tax becomes due and remains unpaid.

The provision in section 6324(a)(2) that limits personal liability to the date-of-death value of the property received is pertinent only when the estate tax, plus interest thereon, exceeds the date-of-death value of such property. Thus, whatever the date on which liability arises under section 6324(a)(2), the liability, at that point, cannot exceed the date-of-death value of the property received. On the other hand, at the time that personal liability comes into being, and the transferee[1] becomes personally liable to pay a limited amount of the estate tax liability, that limited amount of liability becomes a direct obligation of the transferee, which itself is treated as a tax under title 26. If it is not paid when due, section 6601 provides for interest on the unpaid amount. In this sense, it is interest on the transferee's personal liability, rather than interest on the estate's tax liability.

The aforementioned approach, which is based on a literal application of the statutory provisions, is identical to the traditional approach to transferee liability under State law where the transferred assets had a value less than the transferor's liability. In such cases, the transferee's liability has traditionally been limited to the value of the assets received by the transferee. Despite that initial limitation, a transferee also has been traditionally liable, in his or her

---

[1] Any person who is personally liable under sec. 6324(a)(2) is a transferee for purposes of the assessment and collection provisions of sec. 6901. Sec. 6901(h).

own right, for interest on the value of the transferred assets from the date of receipt to the date of payment. See *Lowy v. Commissioner,* 35 T.C. 393, 395, 396 (1960); 14 Mertens, Law of Federal Income Taxation, sec. 53.39, at 102 (1974 rev.).[2]

There is nothing to indicate that the liability created by Congress in section 6324(a)(2) was intended to be a radical departure from traditional concepts of transferee liability. The only difference between traditional transferee liability under State law and that provided by section 6324(a)(2) is that section 6324(a)(2) limits liability to the value of transferred property at the date of death, whereas liability under traditional State law concepts would have been fixed by the value of property on the date received by the transferee. Under State law, the valuation date could have preceded the date of death (transfers in contemplation of death), occurred on the date of death as in the instant case, or occurred after the date of death. The limitation in section 6324(a)(2) fixed the date-of-death value as the single focus for the liability limit.

Were we to adopt petitioners' view of the liability limitation contained in section 6324(a)(2), we would be radically changing the traditional concept of limited transferee liability without any indication that Congress intended that result.[3] We would also be creating a system that would reward those who delay in paying their obligations. Petitioners' liability arose in 1981, almost 12 years ago, during which period they each have had the use and enjoyment of $50,000. This may continue through post-decision appeals and other delays in the collection process. It is unlikely that Congress contemplated that such use and enjoyment could continue free of interest charges.

In *Poinier v. Commissioner,* 86 T.C. 478 (1986), affd. in part and revd. in part 858 F.2d 917 (3d Cir. 1988), we held that a donee had limited personal liability for the donor's gift

---

[2] The date on which interest begins to run against the transferee sometimes varies under State law. Thus, in some situations where there was no culpability on the part of the transferee, interest may not begin to run until notice and demand has been given to the transferee. See Saltzman, IRS Practice and Procedure, par. 17.06[1], at 17-29 (2d ed. 1991).

[3] Those who argue that interest on a transferee's unpaid liability can only arise under State law miss the point that, in the instant case, all aspects of personal liability, including interest thereon, are governed by Federal law, specifically, secs. 6324(a)(2) and 6601. Thus, statements in prior cases such as *Lowy v. Commissioner,* 35 T.C. 393, 395 (1960), to the effect that transferee interest can only arise under State law, are inapposite because those cases were dealing with transferee liability that arose under State law.

tax under section 6324(b) and was liable for interest from the date that the Commissioner served the donee with notice of the liability. (In *Poinier,* respondent claimed interest only from the date of the notice and our holding was therefore limited to that amount.) The Court of Appeals for the Third Circuit reversed our holding as to interest based on the liability limitation in section 6324(b).[4] Despite some distinguishing features, the result reached by the Court of Appeals in *Poinier v. Commissioner,* 858 F.2d 917 (3d Cir. 1988), is inconsistent with our holding in the instant case. In *Poinier,* the Court of Appeals for the Third Circuit stated:

> The Commissioner's position, accepted by the Tax Court, is that there is an entirely independent liability for interest, placed directly on the transferee, which arises at the time of service of a notice of transferee liability. This is not an easy argument to articulate, for unlike the donee liability provision in section 6324(b), the Commissioner can point to no specific code provision imposing such an independent liability on a transferee. * * * [*Id.* at 920.]

Our opinion today makes it clear that section 6601 is the specific Code provision that imposes interest on petitioners' limited personal liability for the estate tax.

CHABOT, SWIFT, JACOBS, GERBER, PARR, and LARO, *JJ.,* agree with this concurring opinion.

---

HALPERN, *J.,* concurring: The issue is whether, notwithstanding the limitation on transferee liability found in section 6324(a)(2), a transferee under that section may be liable for interest under section 6601(a) such that his total liability exceeds the value, at the date of decedent's death, of the property received from the estate. The majority answers that question in the affirmative and I agree. I write separately, however, because I do not believe the majority's rationale supports the conclusion reached today. I offer the following as an alternative.

Section 6324(a)(2) imposes liability for unpaid estate taxes on a transferee of property from the estate.[1] Moreover,

---

[4] Sec. 6324(b), which creates limited personal liability for unpaid gift tax is, for purposes of this analysis, identical to sec. 6324(a)(2).

[1] For convenience, I sometimes refer to transferees to which sec. 6324(a)(2) applies merely as "transferees".

because section 6601(e)(1) provides that the Code's references to "tax" generally also refer to interest imposed on tax under that section, a transferee also is liable, under section 6324(a)(2), for interest imposed on the unpaid estate taxes.[2] Consequently, absent some limitation, a transferee would be liable, under section 6324(a)(2), not only for all unpaid estate taxes, but also for all section 6601 interest imposed thereon, no matter how great the unpaid estate tax, how great the section 6601 interest imposed thereon, or how minimal the value of the property received from the estate.

There is, however, a limitation precluding such a patently unfair and irrational result. Section 6324(a)(2), which creates the transferee's liability in the first instance, further provides that a transferee's liability is limited to "the extent of the value, at the time of decedent's death" of the property transferred. Thus, petitioners argue, their liability as transferees under section 6324(a)(2) is limited to $50,000, the value, at the time of decedent's death, of the property received—not the (approximately) $62,000 respondent seeks to collect.

The majority agrees with petitioners on that seemingly determinative point. The majority states, and I agree, that "The limitation imposed by section 6324(a)(2) applies to a transferee's liability for unpaid estate tax and *for interest accrued thereon owed by a transferor*". Majority op. p. 255 (emphasis added). The majority finds that conclusion insufficient, however, to require a holding in favor of petitioner-transferees. In the view of the majority, a transferee not only is liable, under section 6324(a)(2), for the unpaid estate tax and interest of the *transferor*, but also has an *independent* liability for interest, to which the limitation of section 6324(a)(2) does not apply. The majority states:

The limitation imposed by section 6324(a)(2) * * * does not apply to a transferee's liability for *interest* accrued on unpaid estate tax *owed by the transferee*. Section 6324(a)(2) imposes a direct, personal, and primary obligation on a transferee. Thus, interest accrues on a transferee's personal liability for unpaid estate tax notwithstanding the limitation imposed by section 6324(a)(2) on a transferee's liability for amounts owed by a transferor. [Majority op. p. 255; citations omitted; emphasis added.]

---

[2] In essence, liability for interest is incorporated by reference into sec. 6324(a)(2), by virtue of sec. 6601(e)(1).

Thus, the majority explicitly relies upon the existence of two types of interest: Interest owed by the transferor and interest separately owed by the transferee, the latter not being subject to the liability limitation of section 6324(a)(2). I too reach that conclusion, but I arrive at it by a path different than does the majority.

The majority reasons that a transferee liable under section 6324(a)(2) for certain deficiencies in tax (including interest) of the estate also is liable for interest (under section 6601) simply because that liability is "direct, personal, and primary". Majority op. p. 255. I cannot agree. Certainly, as a general proposition, it must be conceded that not every (Federal) personal liability gives rise to a liability for interest under the Internal Revenue Code. An individual willfully destroying Federal property, for example, would in all likelihood be personally liable (to the United States) for the damage caused by that act. Nonetheless, no one would seriously argue that section 6601 of the Internal Revenue Code applies in that circumstance, because such liability is not *tax* liability, which, in general, describes the province of the Internal Revenue Code. The first inquiry, therefore, is whether a transferee's personal liability, imposed by section 6324(a)(2), is tax liability or, instead, some other personal liability imposed (as it happens) by Federal law. I contend that it is the latter.

First, section 6324(a)(2) provides merely that a transferee shall, to a limited extent, be personally liable for certain unpaid estate tax. Nothing in section 6324(a)(2) explicitly provides that such personal liability is tax liability (as opposed to a personal liability of the usual sort), nor has any argument been advanced in support of that inference.

Second, the statutory scheme not only fails to prove that section 6324(a)(2) transferee liability is tax liability but is unambiguously at odds with that proposition. If such were tax liability, then the Commissioner, without more, could issue a deficiency notice and assess a deficiency against a transferee in the same way as against a taxpayer. That, however, clearly is not the case.

Section 6901(a) provides a procedure through which the Commissioner may collect certain liabilities, including liabilities of transferees, in much the same way as she collects liabilities for tax.

SEC. 6901(a). METHOD OF COLLECTION.—The amounts of the following liabilities shall * * * [generally] be assessed, paid, and collected in the same manner *and subject to the same provisions and limitations* as in the case of the taxes with respect to which the liabilities were incurred:

   (1) INCOME, ESTATE, AND GIFT TAXES.

     (A) TRANSFEREES.—The liability, at law or in equity, of a transferee of property—

[Emphasis supplied.]

The reason that section 6901 is needed is that the liabilities to which it applies are *not tax liabilities* and otherwise could not be collected in the manner, and subject to the same provisions and limitations, applicable to tax liability.[3] Accordingly, any liability to which section 6901 applies is not tax liability. Section 6901(h) provides that "the term 'transferee' * * * includes any person who, under section 6324(a)(2), is personally liable" for unpaid estate tax. Thus, the liability of a transferee under section 6324(a)(2) is a nontax liability that, solely by virtue of section 6901, may be collected in a similar manner as the tax liability from which it derives.

In his concurring opinion, Judge Ruwe suggests that the liability created by section 6324(a)(2), which he seemingly would concede is not an *actual* tax liability, nonetheless should be *treated* as if it were.

whatever the date on which liability arises under section 6324(a)(2), the liability, at that point, cannot exceed the date-of-death value of the property received. On the other hand, at the time that personal liability comes into being, and the transferee becomes personally liable to pay a limited amount of the estate tax liability, *that limited amount of liability* becomes a direct obligation of the transferee, which itself *is treated as a tax under title 26.* If it is not paid when due, section 6601 provides for interest on the unpaid amount. In this sense, it is interest on the transferee's personal liability, rather than interest on the estate's tax liability. [Ruwe op. p. 258 emphasis added; fn. ref. omitted.]

It seems fair, however, to ask: *Why* is the transferee liability created by section 6324(a)(2) treated as a tax? Neither the majority nor Judge Ruwe supplies an answer to that critical question.

I believe that the transferee liability created by section 6324(a)(2) *is,* at least in some respects, treated as a tax

---

[3] The alternative is that sec. 6901 is redundant and serves only to emphasize that certain tax liabilities may be assessed and collected as tax liabilities. Such a reading, to say the least, is highly implausible.

liability and the answer to *why* can be found in section 6901. Section 6901, as described above, permits respondent to treat transferee liability as tax liability in certain respects. In particular, it provides not only that transferee liability shall be assessed, paid, and collected in the same manner as the underlying tax but that such liability shall be subject to the same *provisions* (and limitations) as the underlying tax. Thus, I believe that section 6901 authorizes the Commissioner to treat transferee liability as tax liability for the purpose of imposing interest under section 6601 for payment not timely made. A two-step analysis of the history of section 6901 confirms my view. First, section 311 of the 1939 Code (the immediate predecessor of section 6901) explicitly provided that transferee liability would be treated like tax liability to which the applicable interest provision would apply.[4] Second, there is no indication that this scheme was intended to be abandoned in the 1954 Code.

Section 311 of the 1939 Code provided in pertinent part as follows:

SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and *subject to the same provisions and limitations* as in the case of a deficiency in a tax imposed by this chapter (*including the provisions in case of delinquency in payment after notice and demand,* the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

[Emphasis supplied.]

Thus, the scheme proposed by Judge Ruwe clearly appears to have been the case under 1939 Code section 311. Under that provision, a transferee would assume (to a limited extent) certain tax liabilities of the transferor, including additions to tax and interest. That transferee liability would

---

[4] To be more precise, we might refer to the 1939 Code sec. 900, which deals specifically with a transferee's liability for unpaid *estate* tax, whereas sec. 311 is the more general provision, which deals with a transferee's liability for unpaid *income* tax of a transferor. The effect of 1939 Code sec. 900 mirrors that of 1939 Code sec. 311, however, and for convenience we refer to the latter. See H. Rept. 356, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 361, 376 (incorporating by reference the legislative history of 1926 Code sec. 280 (the predecessor of 1939 Code sec. 311) to 1926 Code sec. 316 (the predecessor of 1939 Code sec. 900).

be assessed, collected, paid, and *subject to the same provisions and limitations*—including the then-applicable interest provision on a delinquency in payment after notice and demand—as if it were a tax. Thus, in *Estate of Stein v. Commissioner,* 37 T.C. 945, 960 (1962), we concluded that in cases of transferee liability "respondent is entitled to interest thereon just as he is so entitled on any deficiency." Accord *Patterson v. Sims,* 281 F.2d 577 (5th Cir. 1960). See also H. Rept. 356, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 361, 372.[5]

The next issue, therefore, is whether the 1954 Code departed radically from that scheme, providing instead that respondent no longer would be entitled to interest in such cases "just as he is so entitled on any deficiency." Like the 1939 Code the 1954 Code provides that transferee liability not only is assessed, paid, and collected as if it were tax liabilities, but also is *"subject to the same provisions and limitations".* It must be admitted, however, that 1939 Code section 311's explicit statement that such provisions and limitations include "provisions in case of delinquency in payment after notice and demand" (interest) appears nowhere in section 6901 of the 1954 Code. Accordingly, it can be argued that, in deleting the reference to notice and demand, Congress' intention was to rescind respondent's right to otherwise-applicable interest on transferee's taxlike liability. Were that Congress' intent, however, I believe the legislative history would contain some indication to that effect. I have found *none* and conclude that Congress merely deleted an

---

[5] H. Rept. 356, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 361, is the conference report accompanying H.R. 1, which became the Revenue Act of 1926, 44 Stat. 9. The Revenue Act of 1926 is the origin of those provisions applying deficiency procedures against transferees. H. Rept. 356, *supra,* 1939-1 C.B. (Part 2) at 372 provides as follows:

Under the amendment the liability of the taxpayer for the tax, including all interest and penalties, is fixed as of the time of the transfer of the assets. No further interest subsequently accrues upon such liability as assumed by the transferee, except the interest under section 276 (b) and (c) for failure to pay upon notice and demand after the outlined procedure has been completed and interest at 6 per cent a year for reimbursing the Government at the usual rate for loss of the use of money due it.

Sec. 276(b) of the 1926 Act, 44 Stat. 57, applies interest to a deficiency that is not paid in full within 10 days from notice and demand. Sec. 276(c), 44 Stat. 58, of that act applies in lieu of sec. 276(b) (and (a)) in certain cases concerning fiduciaries and provides interest at the rate of 6 percent. Accordingly, under the 1926 Act, a transferee was responsible neither for interest accruing against the transferor after the date of the transfer nor for Federal interest on the transferee's obligation except as provided by sec. 276(b) or (c) of the 1926 Act.

unnecessary specific reference, intending section 6901 to be similar to 1939 Code section 311.

It is impossible, however, to reach the exact same result under the 1954 Code as was reached under the 1939 Code. Section 311 of the 1939 Code, as observed above, permitted respondent to apply the notice and demand provision to a transferee liability as if it were tax liability. The notice and demand provision, 1939 Code section 294(b), was as follows:

SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

\* \* \* \* \* \* \*

(b) DEFICIENCY.—Where a deficiency \* \* \* is not paid in full within ten days from the date of notice and demand from the collector, *there shall be collected as part of the tax, interest* \* \* \* *from the date of such notice and demand until it is paid.* [Emphasis added.]

No notice and demand provision exists, however, under the 1954 Code. The present interest provision (where applicable) entitles respondent to interest commencing not at the time of notice and demand but as early as the time of the transfer:

SEC. 6601. INTEREST ON UNDERPAYMENT, NONPAYMENT, OR EXTENSIONS OF TIME FOR PAYMENT OF TAX.

(a) GENERAL RULE.—If any amount of tax imposed by this title \* \* \* is not paid on or before the last date prescribed for payment, *interest on such amount* \* \* \* *shall be paid for the period from such last date to the date paid.* [Emphasis added.]

Where transferee liability is concerned, the last date prescribed for payment would be the date the liability arises, sec. 6601(b)(5), which would be no earlier than the date of the transfer.

Thus, it seems evident that the exact same result does not obtain under the 1954 Code as under the 1939 Code. As for the precise nature of the changes wrought in 1954, two interpretations stand out as reasonable alternatives. First, Congress may have intended to continue the general rule that respondent would be entitled to appropriate interest on transferee liability (as if it were tax liability), but determined that interest more appropriately should be payable from (generally) the time of the transfer rather than the time of notice and demand. Second, Congress may have intended to abandon the general rule that respondent was entitled to interest on transferee liability as on tax liability.

Congress made no announcement of a drastic change, in this regard, from the 1939 scheme, and I therefore conclude that whichever interpretation of section 6901 is most consistent with the preceding scheme is the better. As suggested above, I believe Congress would have considered the fundamental characteristic of the 1939 scheme to be that transferee liability is treated like tax liability for the purpose of respondent's entitlement to appropriate interest thereon. How much interest is appropriate would have been a subordinate consideration.

Accordingly, I would conclude that section 6901 entitles respondent to interest on the transferee liability, as if it were tax liability, under section 6601. The only role section 6324(a)(2) plays in that scheme is in providing the predicate for a person's status as a transferee under section 6901. See sec. 6901(h). Thus, the same result would attach to *any* transferee liability subject to section 6901, notwithstanding that the source of such liability may be State law (as in the case of an income tax debtor) instead of section 6324. As observed above, section 6601(a) provides that interest shall be payable from the "last date prescribed for payment" which is the date the liability for tax arises, section 6601(b)(5)—no earlier than the date of the transfer.[6]

In light of the foregoing, I concur in the result reached by the majority.

CHIECHI, *J.,* agrees with this concurring opinion.

---

COLVIN, *J.,* dissenting: I respectfully dissent because I believe the majority subjects petitioners to tax liability to an extent greater than the limit explicitly provided by section 6324(a)(2).

---

[6] In *Estate of Stein v. Commissioner,* 37 T.C. 945, 960 (1962), we stated that only upon sending notice to the transferee is respondent entitled to interest under sec. 6601 (State law being required to supply the right to interest prior to such notice and demand). That case, however, in large part, referred to the 1939 Code rather than that of 1954, and the lion's share of attention seemingly was given to the former rather than the latter. Further, we relied heavily upon *Patterson v. Sims,* 281 F.2d 577 (5th Cir. 1960), a case decided exclusively under the 1939 Code. In any event, it was unnecessary in *Stein* to carefully consider whether sec. 6601 created a Federal right to interest from the date of the transfer, because we determined that State law supplied that right. Accordingly, I do not think *Stein* precludes us from reading sec. 6601 in accordance with its clear meaning.

## I.

The language of section 6324(a)(2) is clear. It provides that a transferee of an estate is personally liable for unpaid estate taxes of the transferor to the extent of the value at the time of the decedent's death of property received by the transferee which was included in the gross estate. Section 6324(a)(2) provides in pertinent part:

(2) LIABILITY OF TRANSFEREES AND OTHERS.—If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee * * * [or certain others] * * * who receives * * * property included in the gross estate * * *, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * *

A similar rule extends gift tax liability to a transferee of a gift to the extent of the value of the gift. Sec. 6324(b).

The estate in this case had an estate tax deficiency (not including interest) of $62,378.48. Majority op. p. 253. As of October 6, 1989, that liability, plus interest thereon, remained unpaid. Majority op. p. 253. On that date, respondent mailed separate notices of transferee liability to petitioners, each of whom had received proceeds of $50,000 from an insurance policy on the decedent's life. Majority op. p. 253.

The first step in statutory construction is an analysis of the statutory language. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337 (1979). Omitting language not relevant here, section 6324(a)(2) plainly says that, if estate tax "is not paid when due, * * * the * * * transferee * * * who receives * * * property included in the gross estate, * * * to the extent of the value * * * of such property, shall be personally liable for such tax."

Section 6324(a)(2) does two things. First, it makes a transferee of an estate personally liable for the transferor's tax. Liability for tax includes liability for interest. Sec. 6601(e)(1). Therefore, section 6324(a)(2) makes the transferee personally liable for interest applicable to the tax deficiency of the transferor. That liability for interest runs from the due date of the return until the date the tax is paid. Sec. 6601(a).

Second, section 6324(a)(2) imposes a limit on the transferee's liability. Specifically, the transferee's liability is limited to the value of the property included in the decedent's gross estate and received by the transferee. Sec. 6324(a)(2). The limit on the transferee's liability plainly applies to the

transferee's liability for interest. Sec. 6324(a)(2). Thus, the limit on liability applies to both taxes and interest, including interest arising after the transfer, for which the transferee is liable under section 6324(a)(2).

## II.

The majority recognizes that personal liability of a transferee exists because of section 6324(a)(2), and that the transferee's liability includes liability for interest until the deficiency is paid. However, the majority sees the liability imposed by section 6324(a)(2) as two separate liabilities. The first is liability for the transferor's tax and interest until the later of the time of the transfer or the due date of the return. Majority op. note 8. The majority applies the limit on liability in section 6324(a)(2) only to that liability. The second liability the majority sees in section 6324(a)(2) is the transferee's liability for interest arising after that time. The majority does not believe the second liability is subject to the section 6324(a)(2) limit on liability, in spite of the fact that the statute juxtaposes personal liability on the transferee with the limit.

Section 6324(a)(2) does not enunciate the two liabilities the majority sees; it provides for only one liability, limited to the value of property received by the transferee. The majority concludes that the limit on the transferee's liability ceases to apply at the later of the due date of the return or the time of the transfer. Majority op. p. 255. This differs from the Court of Appeals for the Third Circuit's opinion in *Poinier v. Commissioner,* 858 F.2d 917 (3d Cir. 1988), revg. in part 86 T.C. 478 (1986) (interpreting section 6324(b), which provides limited transferee liability for gift tax, consistently with this dissent's interpretation of section 6324(a)(2)). In our opinion in *Poinier v. Commissioner,* 86 T.C. at 488-490, however, we held that the limit does not apply to interest arising after issuance of the notice of transferee liability. This confusion in identifying the point at which the limit purportedly does not apply is understandable because no such point is provided by section 6324(a)(2). In fact, section 6324(a)(2) provides an absolute limit on transferee liability.

## III.

I agree with the majority's analysis that section 6324(a)(2) imposes liability for the transferee of an estate, which, under section 6601(e)(1), includes interest. This imposition of liability for interest is consistent with the concept that tax underpayments should bear interest. The limit on transferee liability provided in section 6324(a)(2) may have less effect on this interest liability than appears at first because it would be "comparatively rare" for transferred property to be exhausted by the tax liability of the transferor. *Poinier v. Commissioner,* 858 F.2d 917 at 923. This would occur where the Commissioner issues notices of transferee liability which are at least equal in value to the estate tax deficiency and interest that later applies. It could also occur if the case is quite old, causing the interest on the transferor's liability to grow large in proportion to the deficiency.

The estate tax deficiency in the instant case is $62,378.48, not including interest. Respondent issued two notices of transferee liability, each to individuals who received $50,000 which was included in the estate. Under the interpretation in this dissent, respondent may collect up to $50,000 from each transferee, which would represent all of the deficiency and up to $37,621.52 in interest. Interest may exceed $37,621.52 because it has been running since the due date of the return, probably in 1982. There are no "equities favoring a creative rewriting" of section 6324(a)(2) in these circumstances. *Poinier v. Commissioner,* 858 F.2d at 923. It is fully appropriate for us to apply the limitation on transferee liability in section 6324(a)(2) as written.

It was not patently unreasonable for Congress to limit the total liability of transferees to the value of the property received. *Poinier v. Commissioner,* 858 F.2d at 922. It is "both consistent with [its] plain language * * * and sensible" to give the limitation on the transferee's liability as broad a scope as the liability itself. See *id.* at 920. The limitation is plainly stated in the statute, and we should give it full effect.

HAMBLEN, CLAPP, WELLS, WHALEN, and BEGHE, *JJ.*, agree with this dissent.