PRADO, Circuit Judge, dissenting in part:
A. Independent Donee Unpaid Gift Tax Liability and Interest
Under the Internal Revenue Code, the federal government can establish a lien for unpaid gift tax:
Except as otherwise provided in subsection (c), unless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.
I.R.C. § 6324(b). All Appellants argue that the district court erred when it found both that this creates an independent liability on the part of the donee to pay the unpaid gift tax and that the donee can be charged interest until the gift tax is paid. First, they argue that the district court’s interpretation of § 6324(b) directly contradicts the plain language of the statute. Second, the Appellants argue that the district court erred in applying I.R.C. § 6901; specifically, they argue that because the Government did not assess transferee liability under § 6901 but instead chose to seek a personal judgment against the donees, § 6901 is irrelevant in this case. Finally, they claim that even if § 6901 applies, the district court’s interpretation of § 6324(b) is incorrect for several reasons. For the reasons that follow, I disagree with each of these arguments and would hold that interest accrues on donee’s liability for the unpaid gift taxes and that interest is not limited to the extent of the value of the gift.
1. The plain language of § 632Mb)
The Appellants argue that the language of § 6324(b) is clear on its face: “It imposes only a single liability on donees for the donor’s tax and interest.” The statutory language includes no exceptions, and, considering the exceptions written into other *322 parts of the Internal Revenue Code, they point out that if Congress had intended to provide an exception, it knew how to include one. The Appellants also argue that both Poinier v. Commissioner, 858 F.2d 917 (3d Cir.1988), and Baptiste v. Commissioner (Baptiste 8), 29 F.3d 433 (8th Cir.1994), held that the plain language of § 6324(b) resolved this question, and they urge this Court to follow those circuits.
The Government responds that there are two distinct liabilities at issue in this case: the donor’s liability and the donee’s liability. The Government argues that to understand the donee’s .liability for the unpaid gift tax, the Court must look beyond § 6324(b) and read it in conjunction with §§ 6601 and 6901. According to the Government’s reading of the statutes, “§ 6901 provides that the amount of a donee’s personal liability under ... § 6324(b) is subject to the same provisions as the gift tax that gave rise to such liability,” such as the interest provisions in § 6601.
I agree with the Government that the plain language of § 6324(b) does not resolve this issue. First, based on my reading of the plain language of the statute, the liability limitation applies to the donor’s unpaid gift tax. See I.R.C. § 6324(b) (explaining that, when the donor’s gift tax is unpaid when due, a donee is personally liable for “such tax to the extent of the value of the gift” (emphasis added)). Section 6324(b), however, says nothing about any limit on the donee’s liability and the Government’s ability to assess interest when the donee fails to fulfill his or her obligation to pay the donor’s unpaid gift tax. Further, the district court was correct to read several other portions of the Internal Revenue Code together in reaching its conclusion. Because statutes dealing with the same subject should be read together and “harmonized, if possible,” I would not resolve this question without looking beyond § 6324(b) and attempting to harmonize it with other provisions of the Internal Revenue Code. See Panama Canal Co. v. Anderson, 312 F.2d 98, 100 (5th Cir.1963).
While the Appellants are correct that the Third Circuit observed in Poinier that applying the § 6324(b) cap to limit the donee’s liability was “consistent with the plain language of section 6324(b),” Poinier, 858 F.2d at 920, I disagree that the court resolved the case solely based on the plain language of § 6324(b). The Third Circuit still conducted an extensive analysis of the statute’s legislative history, compared the case to decisions from other circuits, and examined the policy implications of its decision before reaching its holding. See id. at 920-23. Thus, even the Poinier court did not rely solely on the plain language of the statute in order to resolve the case.
Finally, other courts that have considered this issue have read § 6324(b) and concluded that a donee incurs an independent liability that is subject to unlimited interest until paid. See Baptiste v. Comm’r (Baptiste 11), 29 F.3d 1533, 1541-43 (11th Cir.1994); Baptiste v. Comm’r (Baptiste TC), 100 T.C. 252, 257 (1993). These divergent interpretations of § 6324(b) suggest that § 6324(b) is not plain on its face in the way that the Appellants claim. Thus, I would conclude the plain language of the statute does not resolve the case.
2. Section 6901 and its implications for this case
The Appellants next argue that the district court erred in looking to Baptiste 11 and § 6901 to help resolve this case, because the Government chose to collect the gift taxes from the donees through a personal action, not under § 6901. They argue that collection under § 6901 includes *323 certain procedural safeguards, which they were deprived of when Government chose not to collect through § 6901. Though the Appellants agree that the Government may use whatever method it chooses to collect taxes, they claim the Government is improperly attempting to use one method to collect taxes — a direct judgment under § 7402 — while taking advantage of § 6901.
The Government rejects the idea that § 6901 is irrelevant to this case simply because it chose to collect the unpaid tax through a direct judgment instead of using the § 6901 procedures. The Government claims § 6901 shows Congress intended for the IRS to be able to collect interest on the donee’s unpaid, personal liability under § 6324(b). According to the Government, this congressional intent should guide our decision, regardless of whether the Government collects the tax under § 7402 or § 6901. Finally, the Government disputes the Appellants’ allegation that they were denied procedural safeguards available under § 6901 because (1) the Appellants were allowed to have their donee liabilities determined without having to first pay the tax, and (2) the outcome in the district court was the same as it would have been in tax court because of the tax court’s decision in Baptiste TC.
I would hold that the district court did not err in relying on § 6901 to help interpret § 6324(b), even though the Government chose to attempt to collect from the Appellants through a personal action, not under § 6901. The Internal Revenue Code gives district courts jurisdiction to render judgments to enforce internal revenue laws, and the statute specifies that the remedies are “in addition to and not exclusive of any and all other remedies of the United States.” I.R.C. § 7402(a). Further, nothing in § 6901 — which says that transferee liability is “subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred” — imposes that liability only when the Government collects under § 6901. Cf United States v. Russell, 461 F.2d 605, 606 (10th Cir.1972) (holding that “the collection procedures contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to the other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors”); see also United States v. Geniviva, 16 F.3d 522, 525 (3d Cir.1994) (holding that “an individual assessment under [§ 6901] is not a prerequisite to an action to impose transferee liability under [§ 6324(a)(2) ]”).[58]
I also disagree that Baptiste 11 is as easily distinguishable as the Appellants argue, merely because the Government used a different means of collecting the unpaid gift tax in this case. The holding in Baptiste 11 — that § 6324(b) imposes an independent liability on a donee that is subject to unlimited interest — does not rely on the fact that the Government was collecting the tax under § 6901. 29 F.3d at 1541. The Eleventh Circuit’s holding also does not rely on the fact that the donees had access to § 6901’s procedural safeguards, which the Appellants claim they were denied in the instant case. Rather, the Eleventh Circuit read the statutes together with the interest provision in § 6601 to determine the nature and extent of the donee’s obligation, id., and there is nothing in the Eleventh Circuit’s reasoning that would apply only when the Government collected from a donee under § 6901.
*324 Finally, I note that it would be possible to hold that under § 6324(b) the donees have a personal liability, which accrues interest that is not limited by § 6324(b), even without relying on § 6901. In Baptiste TC, the majority of the Tax Court reached this conclusion without ever mentioning § 6901. See 100 T.C. at 252-57. One of the concurring opinions in the same decision also concluded that the transferees’ personal liability to pay the gift tax was subject to unlimited interest without relying on § 6901. See id. at 258-60 (Ruwe, J., concurring).
3. The correct interpretation of § 6324(b)
Finally, the Appellants claim that the district court misinterpreted § 6324(b) in several ways. First, they argue that § 6901 is only a procedural statute that does not create substantive liability, see Comm’r v. Stern, 357 U.S. 39, 42-44, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958), so the donee’s personal liability that incurs interest must come from a statute other than § 6901. Next, the Appellants claim that the district court’s interpretation of § 6324(b) was improper because it allows the Government to collect double interest, something Congress did not intend. The Appellants then look to legislative history, which they argue shows no intent to impose unlimited interest on transferees. Finally, they again argue that the plain language of § 6324(b) is clear, and, as such, policy considerations cannot sway this Court’s holding.
The Government responds that read together, §§ 6324(b), 6601, and 6901 impose interest on the donee’s liability from the date that the donor’s gift tax becomes overdue. The Government also disagrees that the legislative history favors the Appellants’ arguments and instead claims that the. legislative history actually shows congressional intent to “expand the Government’s right to interest.” Finally, the Government claims that general taxation principles and other policy considerations, compel the result the district court reached in this case.
After carefully considering the arguments on each side, I would hold that the district court correctly interpreted § 6324(b). While the Appellants are correct that Stem says § 6901 does not create substantive liability, see Stern, 357 U.S. at 42-44, 78 S.Ct. 1047, my reading does not run afoul of that rule. The substantive liability in this case comes from § 6324(b), and § 6901 and § 6601 help explain the nature of that obligation. Section 6901 explains that transferee liability imposed under § 6324(b) is “subject to the same provisions” as the underlying gift tax. I.R.C. § 6901(a). One of those provisions that the underlying gift tax is subject to is § 6601, which imposes interest when the tax is unpaid. I.R.C. § 6601. Thus, read together, these sections explain that the donee’s personal, independent liability for the unpaid gift tax is subject to the interest provisions of § 6601.[59]
Though both the Appellants and the Government claim the legislative history supports their position, my reading of the legislative history comports with the Government’s view. As Judge Halpern explained in his' concurring opinion in Baptiste TC, see 100 T.C. at 264-67 (Halpern, J., concurring), § 311 (the precursor to *325 § 6901) in the 1939 Code provided that the Government could apply the interest provisions to transferee liability; when Congress enacted § 6901 in 1954, it removed the interest provision but gave no other indication that it intended to depart from §311 under the 1939 Code. Id. at 264-66. Judge Halpern offered two alternative explanations for the differences between the 1939 and 1954 Internal Revenue Code:
First, Congress may have intended to continue the general rule that respondent would be entitled to appropriate interest on transferee liability (as if it were tax liability), but determined that interest more appropriately should be payable from (generally) the time of the transfer rather than the time of notice and demand. Second, Congress may have intended to abandon the general rule that respondent was entitled to interest on transferee liability as on tax liability.
Congress made no announcement of a drastic change, in this regard, from the 1939 scheme, and I therefore conclude that whichever interpretation of section' 6901 is most consistent with the preceding scheme is the better. As suggested above, I believe Congress would have considered the fundamental characteristic of the 1939 scheme to be that transferee liability is treated like tax liability for the purpose of [the Government’s] entitlement to appropriate interest thereon.
Id. at 266-67. Thus, Judge Halpern concluded, “section 6901 entitles [the Government] to interest on the transferee liability, as if it were tax liability, under section 6601.” Id. at 267. Like the Eleventh Circuit, I find this interpretation of the legislative history pérsuasive and use it to inform my conclusion that the Government should be able to collect unlimited interest on a donee’s personal liability for any unpaid gift tax. See Baptiste 11, 29 F.3d at 1542 n. 7.
I am also unpersuaded by concerns about double collection of interest that the Appellants urged before this Court and that influenced the Third Circuit’s decision in Poinier. The Appellants claim that the district court’s interpretation allows a double interest charge because the donee must pay both the interest that the donor would have been charged on the unpaid gift tax and the interest on the donee’s own independent liability for paying the gift tax. The Poinier court’s double interest concerns were motivated by an older version of the Internal Revenue Code, which provided in I.R.C. § 6601(f)(2) that “[n]o interest under this section shall be imposed on the interest provided by this section.” See Poinier, 858 F.2d at 921-22. But Congress repealed § 6601(f)(2), and there is no longer a specific prohibition on collecting interest on the interest assessed under § 6601. The Internal Revenue Code also now specifically allows for compound interest. See I.R.C. § 6622. Contrary to the Appellants’ position, it appears that Congress is not concerned with the possibility of collecting interest on interest.
Finally, my reading is consistent with Fifth Circuit precedent and best serves the principles and policies this Court and others have recognized in interpreting the Internal Revenue Code. We have previously observed that it is unlikely that Congress intended that the accrual of interest be treated differently in tax underpayment and tax overpayment cases. See Dresser Indus., Inc. v. United States, 238 F.3d 603, 616 (5th Cir.2001). If the Appellants had overpaid the amount they owed in gift taxes, the Government would have been required to pay back the overpayment with interest. See I.R.C. § 6611. Holding the Appellants liable for unlimited interest on their personal liability for the unpaid *326 gift tax treats interest for overpayment and underpayment the same. Further, when we considered former §§ 294 and 311 (the predecessors to §§ 6601 and 6901), this Court held that the Government could collect interest on the transferee’s liability for the transferor’s unpaid taxes, see Patterson v. Sims, 281 F.2d 577, 578-79, 581 (5th Cir.1960), and my conclusion follows naturally from that holding.[60]
Moreover, my reading is consistent with the “the traditional rule that one who possesses funds of the government must pay interest for the period that person enjoys the benefit of [the] same.” See Baptiste 11, 29 F.3d at 1542; Baptiste TC, 100 T.C. at 259 (Ruwe, J., concurring) (“Were we to adopt petitioners’ view of the liability limitation ... we would be radically changing the concept of limited transferee liability... .”). Finally, unlimited interest encourages transferees to fulfill their obligation to pay any unpaid gift taxes in a timely manner, rather than “rewarding] those who delay in paying their obligations.” Baptiste TC, 100 T.C. at 259 (Ruwe, J., concurring). As the Eleventh Circuit opined, “[t]o hold otherwise would create a system which encourages transferees to retain assets of the estate, at the expense of the government, for as long as possible with no adverse consequences.” Baptiste 11, 29 F.3d at 1542-43 n. 9.[61] Thus, I would hold that the district court did not err in . its interpretation of § 6324(b).

. I.R.C. § 6324(a)(2) imposes personal liability on transferees for unpaid estate taxes. Because the gift tax and estate tax provisions are in pari materia and should be construed together, see Estate of Sanford v. Comm’r, 308 U.S. 39, 44, 60 S.Ct. 51, 84 L.Ed. 20 (1939), we look to cases construing estate tax transferee liability to help us in resolving this case.

. The majority characterizes this as "circular reasoning.” Ante at 319. Circular reasoning occurs only if the conclusion to be proven is included in the premises. Here the premises follow from case law principles of statutory interpretation and they do not mention, let alone include, the ultimate conclusion that the statutory text does not resolve the issue sub judice.

. Patterson concerned "the extent of the liability for interest of a transferee of property of a delinquent income taxpayer,” 281 F.2d at 578, unlike this case which concerns the liability for interest of a donee of a gift of a donor who was delinquent in paying gift tax. Of course, the existence and extent of income tax transferee liability is determined under state law, see Stern, 357 U.S. at 44-45, 78 S.Ct. 1047, unlike gift tax transferee liability which is determined under federal law. But, state law did not determine our decision in Patterson; rather, we concluded that once the IRS sent the transferee a notice of deficiency, the question of transferee liability — and the interest chargeable thereon — became a question of-federal law. Patterson, 281 F.2d at 580 (“State law is therefore not a determinant of transferee liability subsequent to the notice of the transferee assessment under Section 311. Rather, Section 294(b), Internal Revenue Code 1939, furnishes the applicable rule.”). So Patterson provides useful guidance even though it dealt with unpaid income taxes, not gift taxes.

. The majority is correct to note that "[t]he sooner that a donee pays the gift tax, the less interest that will be owed.” Ante at 317. But it acknowledges that this is only true "until the initial tax plus accrued interest equals the value of the gift to the donee.” Thus, once the sum of the tax and accrued interest surpasses the value of the gift, as is the case here, the parties have no incentive to pay what they owe.