Gabriel J. BAPTISTE, Jr.,
Transferee, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 93–2960.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1994.

Decided July 12, 1994.

Paul J. Peter of Lincoln, NE, for appellant.

Christine A. Grant, Washington, DC, argued (Gary R. Allen and David I. Pincus, on the brief), for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Gabriel J. Baptiste, Jr. (Gabriel) appeals the United States Tax Court's determination that (1) the decision in *Estate of Baptiste v. Comm'r*, No. 44928–85 (T.C. May 13, 1988) (*Estate of Baptiste* ), was res judicata as to the existence and amount of estate tax imposed on the transfer of Gabriel J. Baptiste, Sr.'s Estate for purposes of determining Gabriel's transferee liability pursuant to 26 U.S.C. § 6324(a), and (2) he was liable for interest on the amount of his personal liability for unpaid estate tax, beyond the value of the property transferred, accrued since the due date of the estate tax return. For the reasons discussed below, we affirm in part and reverse in part the judgment of the tax court.

## I. BACKGROUND

In September 1981 Gabriel J. Baptiste, Sr. (decedent) died. Shortly after decedent's death, Gabriel, one of decedent's three children, received $50,000 as a beneficiary of decedent's life insurance policy. In December 1982 the Estate of Gabriel J. Baptiste, Sr., Barbara Baptiste, Statutory Executrix (transferor), filed a federal estate tax return.

The Commissioner of Internal Revenue (Commissioner) determined that there was a deficiency in estate tax and, on September 18, 1985, the Commissioner mailed a notice of deficiency to the transferor. The transferor timely filed a petition in the tax court contesting the deficiency. The Commissioner and the transferor agreed that $62,378.48 of estate tax was owed to the government and, in accordance with that agreement, the tax court, in *Estate of Baptiste*, entered a stipulated decision that a deficiency in the amount of $62,378.48 in estate tax was due from the transferor. However, the transferor never paid the tax.

Pursuant to 26 U.S.C. § 6324(a)(2) of the Internal Revenue Code,[1] if an estate tax is not paid when due, then certain beneficiaries of the estate are personally liable for the tax to the extent of the value, at the time of the decedent's death, of any property they received from the estate. Consequently, the Commissioner mailed a notice of transferee liability to Gabriel asserting liability against him for estate tax in the amount of $50,000, plus interest, as an insurance beneficiary, and, thus, a transferee of property of the transferor under § 6324(a)(2).[2]

Gabriel did not contest the determination that he was personally liable as a transferee under § 6324(a)(2). Instead, he filed a *pro se* petition contesting the *amount* of the underlying estate tax liability. The Commissioner filed an answer which admitted and denied certain allegations. In addition, the Commissioner set forth affirmative allegations that Gabriel was liable under

---

1. 26 U.S.C. § 6324(a)(2) states, in pertinent part:

    If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee ... or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of

    such property, shall be personally liable for such tax.

2. Section 6324(a)(2) imposes transferee personal liability on beneficiaries of property included in a decedent's gross estate under 26 U.S.C. § 2042. Pursuant to § 2042(2), life insurance proceeds are includable in a decedent's gross estate for estate tax purposes.

§ 6324(a)(2) as a transferee at law for the deficiency in estate tax due from the estate.

Gabriel failed to respond to the Commissioner's affirmative allegations and the matter of Gabriel's transferee liability was deemed admitted under Tax Ct.R. 37(c).[3] The Commissioner filed a motion for summary judgment, relying upon the pleadings, affirmative allegations contained in the answers that were deemed admitted, and the decision of the tax court in *Estate of Baptiste*. The Commissioner asserted that the stipulated decision establishing $62,378.48 as the amount of estate tax was res judicata with respect to the estate tax liability of the transferor, and that Gabriel, as a transferee at law under § 6324(a)(2), was liable for $50,-000, plus interest, of the unpaid estate tax of the transferor. At that time, Gabriel obtained counsel.

The tax court granted partial summary judgment in favor of the Commissioner on April 1, 1992. The tax court determined that its decision in *Estate of Baptiste* was res judicata as to the existence and amount of estate tax due from the estate of the decedent. The tax court then determined that Gabriel was personally liable under 26 U.S.C. § 6324(a)(2) for the unpaid taxes to the extent of the value, at the time of decedent's death, of his interest in the insurance benefits. At the time of decedent's death, the value of the proceeds of insurance on decedent's life payable to him was $50,000. The tax court reserved judgment as to the extent of Gabriel's liability for accrued interest on the amount of his personal liability for unpaid estate tax and denied that portion of the Commissioner's summary judgment motion without prejudice. On March 29, 1993, the tax court entered an order finding Gabriel liable for accrued interest on the amount of his personal liability for unpaid estate tax from the due date of the decedent's estate tax return. Gabriel appealed.

3. Tax Ct.R. 37(c) provides:
   Effect of reply or failure thereof. Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply shall be deemed to be admitted. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, filed a motion that specified allegations in the answer be deemed admitted.

## II. DISCUSSION

Gabriel argues on appeal that (1) the decision in *Estate of Baptiste* is not res judicata as to the existence and amount of estate tax imposed on the transfer of decedent's estate for purposes of determining his transferee liability pursuant to 26 U.S.C. § 6324(a), and (2) he is not personally liable for interest, beyond the value of the property transferred, accrued since the due date of the decedent's estate tax return.

The court of appeals has exclusive jurisdiction to review the decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a). Because the questions in this case are purely legal, we review them de novo. *Estate of Robertson v. Comm'r*, 15 F.3d 779, 781 (8th Cir.1994).

### Res Judicata

When a person dies and estate tax is not paid by the estate, a lien attaches to the decedent's gross estate. 26 U.S.C. § 6324(a)(1). To the extent the estate tax remains unpaid, the recipient of property included in the decedent's gross estate becomes personally liable for the tax, up to the value of the property received. 26 U.S.C. § 6324(a)(2). Gabriel first argues that the decision entered by the tax court in *Estate of Baptiste* pursuant to a stipulated agreement, regarding the deficiency in estate tax, carried no res judicata effect for purposes of imposing personal, transferee liability on him under § 6324(a)(2). We disagree.

Res judicata promotes judicial economy by preventing repetitious suits involving the same cause of action. The general rule of res judicata provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties and their privies are thereafter bound not only as to every matter presented to the court but also as to every matter that might have been brought before

the court. *Headley v. Bacon,* 828 F.2d 1272, 1274 (8th Cir.1987). It is well established that the doctrine of res judicata applies to the field of federal taxation. *United States v. International Bldg. Co.,* 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953).

The doctrine of res judicata is applicable when an identical issue is contested in a separate proceeding arising out of a single cause of action. *Krueger v. Comm'r,* 48 T.C. 824, 828, 1967 WL 990 (1967) (*Krueger*). In the present case, the requirement that the claims raised in the subsequent litigation be in substance the same as those in the prior litigation has been satisfied. The cause of action giving rise to the present case is the transferor and Gabriel's respective obligation to pay the estate tax imposed on the transfer of decedent's estate. In *Estate of Baptiste,* the tax court determined that $62,378.48 was the amount of estate tax due on the transfer of decedent's estate pursuant to chapter 11 of the Internal Revenue Code. Pursuant to 26 U.S.C. § 2001, a tax is imposed on the transfer of the taxable estate of every decedent who was a citizen or resident of the United States at the time of his or her death. Under 26 U.S.C. § 2002, the estate tax is payable by the executor of the estate. The estate tax is due at the time fixed for filing the estate tax return. Pursuant to 26 U.S.C. § 6324(a)(2), if the estate tax is not paid when due, then certain beneficiaries, or transferees, of the estate are personally liable for the tax to the extent of the value, at the time of the decedent's death, of any property received from the estate. Thus, the amount of the executor's liability under § 2002, and the amount of a transferee's liability under § 6324(a)(2), are both determined by the amount of estate tax imposed by § 2001. The decision in *Estate of Baptiste* determined the amount of liability for estate tax. Consequently, the issue decided in *Estate of Baptiste* and the issue of transferee liability are identical for purposes of applying the res judicata doctrine.

The requirement under the res judicata doctrine that the parties in the subsequent action are the same as, or in privity with, those in the earlier litigation has also been satisfied in the present case. It is well set-tled that a transferor, such as the estate in the present case, and a transferee, such as Gabriel, are in privity for purposes of determining the amount of tax imposed on the transfer of decedent's estate. *See Krueger,* 48 T.C. at 829; *Estate of Egan v. Comm'r,* 28 T.C. 998, 999, 1957 WL 1125 (1957), *aff'd,* 260 F.2d 779 (8th Cir.1958).

Further, the stipulated decision against decedent's estate, which was entered as a result of an agreement between the Commissioner and the transferor, was a final decision on the merits for purposes of res judicata. *See Forehand v. Comm'r,* 66 T.C.M. (CCH) 1763, 1993 WL 533995 (1993) (decision entered pursuant to stipulated agreement between estate and commissioner is binding, and a transferee of such an estate may not have estate's tax liability reconsidered on the merits); *see also Krueger,* 48 T.C. at 829–30.

Gabriel argues that, even if the res judicata doctrine is applicable, principles of public policy and fundamental fairness preclude its application in the present case. Gabriel contends that a "grave injustice" will occur in the present case if res judicata is applied because the decedent's second wife controls the bulk of decedent's assets located in Venezuela and has ignored her federal tax obligation. Gabriel argues that it is a grave injustice to require a United States citizen and minor beneficiary to pay the estate taxes when the nonresident alien and principal beneficiary "gets off scott-free." Gabriel also argues that, had he been able to defend the *Estate of Baptiste* case, the determination of estate tax liability would have been different.

In *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398–401, 101 S.Ct. 2424, 2428–29, 69 L.Ed.2d 103 (1981), the United States Supreme Court held that the doctrine of res judicata is not subject to a "public policy" or "simple justice" exception, but rather, that public policy dictates preservation of final decisions. In any event, a careful review of the record reveals that the tax court provided the estate with ample opportunity to reduce the estate tax and thereby limit the amount of transferee liability. The record also reflects that Gabriel was aware from the outset of his potential liability as a

transferee. No "grave injustice" has occurred.

We therefore hold that the tax court's decision in *Estate of Baptiste* was res judicata for purposes of determining Gabriel's § 6324(a)(2) transferee liability.

*Liability For Interest*

■ Gabriel next argues that, even if he is liable as a § 6324(a)(2) transferee for unpaid estate taxes, the amount of his liability should be limited to the actual value of the interest transferred ($50,000), and that the tax court erred in holding him liable for accrued interest. We agree.

Section 6324(a)(2) both creates and limits the liability of a transferee. First, § 6324(a)(2) creates transferee liability. Pursuant to § 6324(a)(2), if an estate tax is not paid when due, the transferee who receives property included in the decedent's gross estate is personally liable for the estate tax. The transferee's personal liability for the transferor's tax includes interest. *See* 26 U.S.C. § 6601(e)(1) (providing that Internal Revenue Code's references to "tax" shall also refer to interest imposed on that tax). That liability for interest runs from the due date of the estate tax return until the date the tax is paid. 26 U.S.C. § 6601(a), (b)(4).[4]

Section 6324(a)(2) also limits that liability. Pursuant to § 6324(a)(2), a transferee's personal liability is limited "to the extent of the value at the time of decedent's death" of the property actually transferred. As discussed earlier, § 6601(e)(1) provides that "any reference ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." Tax liability includes liability for interest, and, thus, § 6324(a)(2) clearly contemplates that the limitations imposed upon a transferee's tax

liability also encompass the transferee's liability for interest.

The Commissioner recognizes that § 6324(a)(2) both creates and limits a transferee's personal tax liability. However, the Commissioner argues that the tax court correctly determined that § 6324(a)(2) imposes two separate liabilities. The Commissioner contends that the limitation of tax liability imposed by § 6324(a)(2) applies .only to a transferee's personal liability for unpaid estate tax and for interest accrued thereon owed by a transferor; it does not, however, apply to a transferee's liability for interest accrued on unpaid estate tax owed by the transferee. In other words, the Commissioner argues that once a transferee becomes personally liable for unpaid estate tax pursuant to § 6324(a)(2), that transferee liability becomes a direct obligation of the transferee and should itself be treated as an independent tax subject to the accrual of interest under § 6601(a),[5] and not subject to the § 6324(a)(2) limitation on liability. We disagree.

This court finds persuasive the reasoning of the Third Circuit in *Poinier v. Comm'r*, 858 F.2d 917 (3d Cir.1988) (*Poinier*), *cert. denied*, 490 U.S. 1019, 109 S.Ct. 1743, 104 L.Ed.2d 180 (1989), which interpreted 26 U.S.C. § 6324(b), the gift tax counterpart to the estate tax provision of § 6324(a)(2). Section 6324(b) provides that, if a gift tax is not paid when due, the donee transferee of the gift shall be personally liable for the gift tax "to the extent of the value of such gift." In *Poinier*, the tax court had determined that donee transferees of a gift were liable for unpaid gift tax, and that they were also liable for accrued interest, beyond the value of the gift transferred. As in the present case, the Commissioner in *Poinier* argued that two separate liabilities existed under § 6324(b).

---

4. Pursuant to § 6601(a), interest shall be paid on any unpaid amount of tax for the period from the last date prescribed for payment to the date the tax is paid. Pursuant to § 6601(b)(4), where the last date for payment of a tax is not otherwise prescribed, then the last date for payment shall be deemed to be the date on which the liability arose. Section 6324(a)(2) provides that transferee liability arises on the later of the due date of the decedent's estate tax return, or the date property included in the decedent's gross estate is

received by the transferee. Gabriel received the $50,000 proceeds of insurance on decedent's life prior to the due date of the transferor's estate tax return. Therefore, pursuant to § 6324(a)(2), Gabriel's transferee personal liability for unpaid estate tax arose on the due date of decedent's estate tax return.

5. Section 6601(a) provides that interest shall be paid on any unpaid amount of tax.

The Commissioner argued that the limitation of a donee's gift tax liability did not apply to the independent liability for interest, placed directly on the donee transferee, which arose at the time of service of the notice of transferee liability. The Third Circuit responded: "[t]his is not an easy argument to articulate, for unlike the donee liability provision in § 6324(b), the Commissioner can point to no specific code provision imposing such an independent liability on a transferee." 858 F.2d at 920. In rejecting the Commissioner's construction of the Internal Revenue Code, the Third Circuit emphasized that it is "both consistent with [its] plain language ... and sensible" to give the limitation on the transferee's liability as broad a scope as the liability itself. *Id. Poinier* focused on the interplay between § 6601(f)(1) and § 6324(b). Section 6601(f)(1) (now § 6601(e)(1) at issue in the present case) provided that "any reference in the title ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." *Poinier* reasoned that § 6601(f)(1), when read into the limitation in § 6324(b) that a donee is personally liable for gift "tax" to the extent of the value of the gift, mandated the result that a donee's transferee liability for accrued interest be limited to "the value of such gift." 858 F.2d at 920.

We believe § 6324(a)(2) does not provide for two estate tax liabilities, one owed by the estate and another owed by the transferee, and such a reading by the Commissioner reflects an artificial construction of the Internal Revenue Code. The Commissioner's construction of § 6324(a)(2) ignores the fact that § 6324(a)(2) juxtaposes a transferee's personal liability with the limitation on transferee liability. Moreover, the Commissioner's construction ignores the critical interplay between § 6324(a)(2) and § 6601(e)(1).

Accordingly, we affirm that part of the judgment of the tax court holding that the decision in *Estate of Baptiste* is res judicata for purposes of imposing transferee liability upon Gabriel to the extent of the value of the interest transferred ($50,000), and reverse that part of the judgment of the tax court imposing liability for interest on the amount of Gabriel's personal liability for unpaid es-

tate tax, beyond the value of the property transferred, accrued since the due date of decedent's estate tax return.