T.C. Memo. 2005-20


UNITED STATES TAX COURT


MARY A. SAIGH, a.k.a. MARY SAIGH, TRANSFEREE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11599-03.                Filed February 8, 2005.


<u>John R. Holsinger</u>, for petitioner.

<u>William C. Bogardus</u>, for respondent.


MEMORANDUM OPINION


HAINES, <u>Judge</u>:  Respondent determined a liability of
$170,000 plus interest for petitioner as transferee of assets in
the Federal estate tax of the Estate of Mary Kabbash (the
estate).  After concessions, the issue to be decided is whether
petitioner is liable for interest on a $170,000 liability as a

transferee of the property from the due date of the estate tax
return.

Unless otherwise noted, section references are to the
applicable version of the Internal Revenue Code, and Rule
references are to the Tax Court Rules of Practice and Procedure.
Amounts are rounded to the nearest dollar.

## Background

The parties submitted this case fully stipulated pursuant to
Rule 122.  The stipulation of facts and the attached exhibits are
incorporated herein by this reference. At the time the petition
was filed, petitioner resided in Palm Beach Gardens, Florida.

Petitioner is the daughter of Mary Kabbash (decedent), and
she is the sister of William Kabbash, Samuel Kabbash, and Joyce
Samaha.  In early 1989, decedent gave William Kabbash a general
power of attorney to make gifts to her children on her behalf.

As power of attorney for decedent, William Kabbash gifted
the following to petitioner:

| Date | Amount |
| --- | --- |
| Aug. 27, 1989 | $ 10,000 |
| Sept. 28, 1989 | 10,000 |
| Nov. 10, 1989 | 150,000 |

Petitioner received an additional $115,000 from decedent or the
estate from January 1989 to September 1992.

Decedent died on November 15, 1989.  At the time of her
death, decedent had a will that controlled the disposition of her
assets and that named William Kabbash and Samuel Kabbash as

coexecutors of the estate. The estate had a value in excess of $4 million at the date of her death.

Form 706, United States Estate Tax Return (estate tax return), for decedent was due on August 15, 1990, 9 months from the date of death. The coexecutors failed to file an estate tax return and to make any payments for estate taxes. On or about July 26, 1993, respondent filed a substitute for return for the estate.

On March 7, 1994, petitioner received a summons from respondent dated February 25, 1994, for testimony and records regarding the estate tax return. Petitioner did not appear or respond to the summons. In 1996, petitioner received a call from respondent informing her that the estate tax return had not been filed and that the estate taxes had not been paid. Petitioner responded that the call was the first time that she was made aware that the estate taxes had not been paid.

On August 2, 1996, respondent issued a notice of deficiency to the estate. On October 24, 1996, the estate filed a petition to redetermine the deficiency.

On December 2, 1997, Mary Tom was appointed to serve as Administratix of the estate. In January 1999, Mary Tom instituted a suit against William Kabbash and Samuel Kabbash for alleged waste and mismanagement of the estate. On February 3, 2000, the complaint filed by Mary Tom was amended to add

petitioner as a defendant as the recipient of $285,000 of alleged improper payments from the estate from January 1989 to September 1992. Judgments were entered against William Kabbash and Samuel Kabbash, but Mary Tom recovered only $866 on behalf of the estate.

On March 20, 2002, pursuant to an agreement of the parties, we entered a decision that the estate owed a deficiency of $1,987,249. The deficiency was assessed on May 20, 2002. The period of limitation for assessment of the estate tax liability was set to expire on November 15, 2002.

There are no assets remaining in the estate from which the estate tax liability may be satisfied. As of June 2004, an estate tax liability in excess of $8,219,795 remains unpaid.

On April 29, 2003, respondent sent petitioner a notice of transferee liability, in which respondent determined that petitioner owed $170,000, plus interest as transferee, trustee, and beneficiary of the property of the estate. On July 18, 2003, petitioner filed a timely petition with the Court disputing this notice of transferee liability.

## Discussion

In a transferee liability case, the burden of proof is on respondent to show that petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax. Sec. 6902(a); Rule 142(d).

Petitioner concedes that she is liable for the $170,000 determined in the notice of transferee liability, as transferee, trustee, and beneficiary of property of the estate. The only issue remaining is whether petitioner is liable, as transferee of property of the estate, for interest on the $170,000 liability from the due date of the estate tax return.

Petitioner argues that she is liable for no interest, or, alternatively, that interest should begin to run when petitioner was notified of the liability by the notice of transferee liability in 2003. Petitioner further argues that we should follow precedent in the U.S. Court of Appeals for the Third Circuit because all events, pertinent to her case, occurred in New Jersey.

Respondent argues that petitioner, similar to the transferee in the case of Baptiste v. Commissioner, 29 F.3d 1533 (11th Cir. 1994), affg. 100 T.C. 252 (1993), is liable for interest on the amount of the transfer from the date the estate tax return was due. We disagree with petitioner and hold for respondent on the basis of controlling precedent.

Section 6601(a) provides that interest on unpaid tax shall be paid for the period from the last date prescribed for payment of the tax to the date paid. Section 6601(b)(5) defines the last date for payment when the date is not otherwise prescribed as "the date the liability for tax arises (and in no event shall be

later than the date notice and demand for the tax is made by the Secretary)."[1]  Section 6601(e)(1) further provides that the interest prescribed under this section "shall be assessed, collected, and paid in the same manner as taxes."

Section 6324(a)(2) provides, in relevant part:

> If the estate tax imposed by chapter 11 is not paid when due, then the * * * transferee * * *, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax.  * * *

That is, if an estate tax is unpaid when due, then certain transferees, who receive property includable in the gross estate under sections 2034 to 2042, are personally liable for the unpaid tax to the extent of the value of such property at the time of the decedent's death.  Sec. 6324(a)(2); see <u>Armstrong v. Commissioner</u>, 114 T.C. 94, 98 (2000).

Further, section 6901(a) provides that such liabilities of the transferee shall be assessed, paid, and collected in the same manner as the taxes with respect to which the liabilities were incurred.  Thus, section 6901(a) sets forth the procedures to be followed in transferee liability cases; the existence and extent of a transferee's substantive liability are established under

---

[1] Sec. 6601(b) does not otherwise specify the last date for payment of a transferee's liability for unpaid estate tax.

section 6324(a)(2), in the cases to which it applies.  <u>Armstrong v. Commissioner</u>, <u>supra</u> at 97.

Petitioner argues that, because all of the operative facts took place in New Jersey and this case would be appealable to the Third Circuit had she resided in New Jersey rather than in Florida when she filed her petition, fairness compels the use of Third Circuit precedent.  We disagree.  We generally follow a decision squarely on point of a circuit to which a case is appealable.  See <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  Absent the parties' stipulation to the contrary, we determine where appeal will lie on the basis of a taxpayer's residence when she filed the petition with this Court.  Sec. 7482(b)(1)(A) and (2).  Therefore, we defer to the decisions of the Eleventh Circuit because petitioner's residence was in Florida at the time she filed the petition.

In <u>Baptiste v. Commissioner</u>, 100 T.C. 252 (1993), affd. in part and revd. in part 29 F.3d 433 (8th Cir. 1994), affd. 29 F.3d 1533 (11th Cir. 1994), the taxpayers each received $50,000 as beneficiaries of the life insurance policy of the transferor-decedent.[2]  <u>Id.</u> at 253.  The transferor-decedent's estate tax

---

[2]  At the time of the filing of the petitions, one taxpayer resided in Lincoln, Neb., and the other taxpayer resided in Fort Pierce, Fla.  <u>Baptiste v. Commissioner</u>, 100 T.C. 252, 253 n.3 (1993), affd. in part and revd. in part 29 F. 3d 433 (8th Cir. 1994), affd. 29 F.3d 1533 (11th Cir. 1994).

liability plus interest was unpaid.  Id.  The Commissioner mailed separate notices of transferee liability to the taxpayers, asserting a transferee liability against each taxpayer of $50,000 plus interest.  Id.

The issue in the case was whether the taxpayers were liable for interest on the amount of their personal liabilities for unpaid estate tax from the due date of the estate tax return.  Id. at 254.  We held that each taxpayer was liable for interest on the amount of his personal liability for unpaid estate tax from the due date of the estate tax return.

On the appeal of our decision in Baptiste v. Commissioner, supra, the Court of Appeals for the Eleventh Circuit affirmed our decision.[3]  Baptiste v. Commissioner, 29 F.3d 1533 (11th Cir. 1994).  The Court of Appeals reasoned that the obligation imposed by section 6324(a)(2) is not a tax liability but "a personal liability of the general sort imposed by federal law" because otherwise, there would be no need for the Code to provide a separate procedure under section 6901(a) to collect transferee liabilities in the same way it collects tax liabilities.  Id. at 1541.  The Court of Appeals stated that if a transferee liability under section 6324(a)(2) were a tax liability, then section

---

[3]  Our decision was also appealed to the U.S. Court of Appeals for the Eighth Circuit, which reversed it in part.  See Baptiste v. Commissioner, 29 F.3d 433 (8th Cir. 1994), affg. in part and revg. in part 100 T.C. 252 (1993).

6901(a) would be "superfluous and wholly unnecessary."  Id. Thus, the Court of Appeals concluded that the liability under section 6324(a)(2) is an independent personal obligation that may be collected in a manner similar to the collection of tax liabilities, pursuant to section 6901(a).  Id. at 1542.

Further, the Court of Appeals concluded that section 6901(a) authorized the imposition of interest on the obligation of the transferee under section 6601 as if it were a tax liability and that the limitation imposed under section 6324(a)(2) applied only to the underlying tax obligation, not on the independent interest obligation imposed on the taxpayer under section 6324(a)(2) by way of sections 6901(a) and 6601(a).  Id.  The Court of Appeals held that this liability arose under section 6324(a)(2) when the tax was not paid by the estate and the taxpayer was in possession of the transferred assets; i.e., when the estate tax return was due.  Id.  From a policy standpoint, the Court of Appeals noted:

> This result comports with economic reality.  The limitation of section 6324(a)(2) was designed to prevent a transferee from being liable for the estate taxes of another beyond the benefit he received from the estate.  In the case of the disputed interest, however, Baptiste has had the use and enjoyment of the $50,000 from the time he received it until the present.  There is no unfairness in requiring him to pay for this use, and the denial of its use to the government.  Baptiste has had the opportunity to invest and earn a return on the $50,000 similar to that which he is now obligated to pay the government, and the government has been refused that opportunity.  To hold otherwise would create a system which encourages transferees to retain assets of the

- 10 -

   estate, at the expense of the government, for as long as possible with no adverse consequences.

Id. at 1542-1543 n.9.

The facts in the instant case mirror the facts in Baptiste v. Commissioner, supra; i.e., the transferee received amounts from a decedent less than the estate tax liability, the estate tax was unpaid, and respondent sought to impose the estate tax liability on the transferees.  On the basis of our holding and the holding of the Court of Appeals in Baptiste v. Commissioner, supra, we hold that petitioner is liable for interest on the $170,000 determined in the notice of transferee liability as a transferee of the property of the estate from the due date of the estate tax return pursuant to sections 6601(a), 6324(a)(2), and 6901(a).

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be

entered for respondent.