PRISCILLA R. OWEN, Circuit Judge,
concurring in part, dissenting in part:
I agree with the Third Circuit’s resolution of the question of whether a donee’s liability for the donor’s unpaid gift tax and interest on that tax is limited under 26 U.S.C. § 6324(b) to the value of the gift to the donee.[1] The Third Circuit gave effect to the express limiting language in § 6324(b). The Eighth Circuit likewise limited a transferee’s liability for unpaid estate tax and interest based on language in § 6324(a)(2) that is similar to the limiting language in § 6324(b).[2] Three amicus briefs,^ representing numerous entities, *879 urged our court to follow the Third and Eighth Circuit courts’ approach.[3] Much of the reasoning in those amicus briefs is persuasive. Because the panel’s majority opinion incorrectly construes the limiting language of § 6324(b) and the effect of other Tax Code sections on that limitation, I respectfully dissent. I otherwise concur in the resolution of the issues presented in this appeal.
I
The Appellees in this case, to whom I will refer collectively as “the Marshalls,” recognize, with exceptions not material to the question of the proper construction of § 6324(b), that they received gifts from the JHM Living Trust. They also recognize that they are liable for the gift tax that was not paid by the JHM' Living Trust and interest on that unpaid gift tax up to a point. That point, the Marshalls contend, is “the extent of the value of such gift,” as specified in § 6324(b).[4] The Government seeks to hold the Marshalls personally liable for almost $75 million over and above the value of the gifts that were made to them. Most of that $75 million is interest. The gift tax owed and some of the interest the Government seeks, was, for the most part, paid in 2010. The district court held that the language in § 6324(b) that limits a donee’s personal liability “to the extent of the value of such gift” did not limit the Marshalls’ liability. The panel’s majority opinion affirms the district court’s judgment in this regard.
II
The Tax Code provides in § 6324(b) for a lien to secure the payment of gift taxes. This section says, in pertinent part;
(b) Lien for gift tax. — Except as otherwise provided in subsection (c) [not applicable in this case], unless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.... [5]
This is the sole basis under the Tax Code for the imposition of liability on a donee for gift taxes unpaid by the donor. There is no other basis for a donee’s liability for unpaid gift tax, and the panel’s majority opinion does not conclude otherwise.
Other provisions in the Tax Code provide that interest on a “tax,” with exceptions not applicable here, “shall be deemed also to refer to interest imposed by this section [6601] on such tax.”[6] As indicated, the Marshalls do not dispute that they are liable for the gift tax as well as the interest that the donor did not pay on the gift tax, but only “to the extent of the value of such gift.”[7] The language of § 6324(b) clearly *880 supports their position. It provides that “such tax,” which would include the gift tax and interest, “shall be a lien upon all gifts made during the period for which the return was filed,” and “[i]f the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.”[8] Accordingly, if “the tax,” meaning the gift tax plus interest, is not paid, the donee of any gift is personally liable for “such tax,” again meaning the gift tax and interest, but only “to the extent of the value of such gift.”[9] The donee’s personal liability is for “such tax,” and that personal liability is limited to the value of the gift to the donee.
In spite of the clear language of § 6324(b), the panel’s majority opinion concludes that “[sjection 6824(b), however, says nothing about any limit on the donee’s liability and the Government’s ability to assess interest when the donee fails to fulfill his or her obligation to pay the donor’s unpaid gift tax.”[10] But if, as all concede, the words “personally liable for such tax” in § 6324(b) include liability for interest, then the words “to the extent of the value of such gift” are a limit on the amount of interest that can be collected. As an example, if a gift of $10,000 was made, and the unpaid tax on that gift was $5,000, “such tax” would refer to the $5,000 tax and interest that began accruing as of the time the gift tax was unpaid. Let us assume that at the time that the Government demanded that the donee pay the gift tax, interest in the amount of $1,000 had accrued. The donee would be liable for the $5,000 plus $1,000 of interest. Let us further assume that the donee did not pay until interest in the amount of $4,000 had accrued. The Government could collect this interest when the donee failed to fulfill his or her obligation to pay, but only “to the extent of the value of such gift.” Since $9,000 is less than the $10,000 value of the gift, the donee would be personally liable for the interest. But once the interest reached $5,000, the donee would not be personally liable for further interest because § 6324(b) limits the donee’s personal liability to $10,000 in this example.
Contrary to the reasoning of the panel’s majority opinion,[11] a donee does have an incentive to pay the gift tax in order to stop the accrual of interest. The sooner that a donee pays the gift tax, the less interest that will be owed, at least until the initial tax plus accrued interest equals the value of the gift to the donee. However, once the combined amount of the gift tax unpaid on the due date and accrued interest equals the value of the gift to the donee, the donee’s liability is capped at “the value of [the] gift” to the donee.[12] Section 6324(b) undoubtedly addresses a “limit on the donee’s liability and the Government’s ability to assess interest when the donee fails to fulfill his or her obligation to pay the donor’s unpaid gift tax” and the majority opinion is mistaken in concluding otherwise.[13]
Nothing in § 6901(a) affects the limitation of liability in § 6324(b). Section 6901(a) provides that the amounts of a donee’s liability relating to gift taxes are to “be assessed, paid, and collected in the *881 same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred.[14] The United States Supreme Court has held that § 6901 is a procedural provision and does not create any substantive liability.[15] The panel’s majority opinion acknowledges the Supreme Court’s interpretation of § 6901(a) and recognizes that “the donee’s personal liability that incurs interest must come from a statute other than § 6901.”[16] But the majority opinion then engages in circular reasoning, concluding that because “[sjection 6901 explains that transferee liability imposed under § 6324(b) is ‘subject to the same provisions’ as the underlying gift tax,” all interest imposed by § 6601 is owed by a donee, notwithstanding the express limitation in § 6324(b).[17] The majority opinion says, “read together, these sections [6901 and 6601] explain that the donee’s personal, independent liability for the unpaid gift tax is subject to the interest provisions of § 6601.” If, as the Supreme Court has held, § 6901 does not create any substantive rights and is procedural only, then § 6901 should play no part in determining the extent of a donee’s personal liability created by § 6324(b). We should consider only § 6324(b) to determine whether the generally applicable Tax Code provision regarding accrual of interest on unpaid taxes, which is § 6601, overrides the express limitation in § 6324(b).
The first paragraph of § 6601, which is subsection (a), is denominated the “[g]en-eral rule” and provides that if a tax is not paid on or before the last date for payment, then interest must be paid on that amount from the last date prescribed for payment until the date paid.[18] It is horn-book law that a more specific statute, such as § 6324(b), governs over a more general statute, such as § 6601, It is also a “longstanding canon of construction” that if “ ‘the words of a tax statute are doubtful, the doubt must be resolved against the government and in favor of the taxpayer’ ”[19] There is certainly room for doubt that a donee is liable for the full amount of interest that accrues on an unpaid gift tax, regardless of the value of the gift to the donee, in light of the express limitation in § 6324(b).
The Third Circuit has held that a do-nee’s liability under § 6324(b) is limited to the value of the gift to the donee.[20] Similarly, the Eighth Circuit has held that “a transferee’s personal liability [for unpaid estate tax], is limited [by § 6324(a)(2) ] ‘to the extent of the value at the time of decedent’s death’ of the property actually transferred.”[21] A third circuit court, the *882 Eleventh Circuit, construing § 6324(a), pertaining to a transferee’s liability for estate tax, has disagreed with the Third and Eighth Circuits.[22] The Commissioner argued in each of those three cases that the liability of a donee for gift tax, or a transferee for estate tax, and accrued interest is not a gift tax or an estate tax but instead is purely a personal liability under § 6324. Only the Eleventh Circuit agreed with the Government, holding that “the obligation imposed by section 6324(a)(2) is a nontax liability.”[23]
The Government similarly argues in the present case that “the limitation imposed by I.R.C. § 6324(b) applies only to interest that accrued on the underlying gift tax liability; that limit does not apply to the interest accruing on the donee’s personal liability under I.R.C. § 6324(b).” The dichotomy that the Government draws between a donee’s liability for gift tax and that donee’s personal liability is patently contradicted by the text of § 6324(b). A donee’s personal liability under § 6324(b) is anchored solely to, and is referable only to, the unpaid gift tax and interest thereon. The donee’s personal liability is plainly denominated as liability for gift tax. Section 6324(b) says that “such tax,” unmistakably referring to “the gift tax imposed by chapter 12,” “shall be a lien upon all gifts made” and that “[i]f the tax [clearly meaning the gift tax] is not paid when due, the donee of any gift shall be personally liable for such tax [here again, the gift tax imposed by chapter 12] to the extent of the value of such gift.”[24] A donee is “personally liable” only.for “such tax” — the gift tax and accrued interest — “to the extent of the value of such gift.” The text could not be plainer.
Ill
The panel’s majority opinion unnecessarily engages in an analysis of the legislative history of § 6901. As discussed above, that Tax Code section does not create any substantive liability. Nor does its text purport to override the specific limitation of a transferee’s liability in § 6324(b). In any event, since § 6324(b)’s limitation is clear on its face, there is no reason to consider § 6901’s legislative history.[25] Reliance on legislative history is suspect even if a tax statute is ambiguous because, as noted above, there is a “longstanding canon of construction” that if “ ‘the words of a tax statute are doubtful, the doubt must be resolved against the government and in favor of the taxpay-gj. J ” [26]
The conclusions drawn by the majority opinion from the legislative history of § 6901, a procedural statute, are tenuous, at best.[27] Attempting to divine congressional intent based on scraps of legislative history is more likely to result in the effec-tuation of a court’s policy preferences than those of Congress.
*883 The panel’s majority opinion notes that after the Third Circuit decided Poinier,[28] “Congress repealed § 6601(f)(2), and there is no longer a specific prohibition on collecting interest on the interest assessed under § 6601.”[29] While the Third Circuit’s decision in Ponder did discuss former § 6601(f)(2), that was not the sole basis for its holding.[30] The Third Circuit held that the “limitation on donee liability is both consistent with the plain language of section 6324(b) and sensible.”[31] The Third Circuit also rejected the Government’s argument that a transferee has an independent liability for interest that is separate and distinct from the gift tax liability.[32] The Third Circuit said:
The Commissioner’s position, accepted by the Tax Court, is that there is an entirely independent liability for interest, placed directly on the transferee, which arises at the time of service of a notice of transferee liability. This is not an easy argument to articulate, for unlike the donee liability provision in section 6324(b), the Commissioner can point to no specific code provision imposing such an independent liability on a transferee.[33]
I agree with the Third Circuit.
Finally, the panel’s majority opinion says that its decision “is consistent with the ‘traditional rule that one who possesses funds of the government must pay interest for the period that person enjoys the benefit of [the] same,’” citing the Eleventh Circuit’s decision in Baptiste.[37] But “traditional rule[s]” cannot override contrary statutory provisions.
* * *
Because § 6324(b) unambiguously limits a donee’s personal liability to the value of the gift to the donee, I would reverse the district court on this issue.
The panel’s majority opinion also relies on this court’s decision in Patterson v. Sims,[34] asserting that “our decision today follows naturally from that holding.”[35] However, the decision in Patterson involved income tax liability, and there was no Tax Code provision that had a limitation even remotely similar to that contained in § 6324(b).[36]

. Baptiste v. Comm’r, 29 F.3d 433, 437-38 (8th Cir.1994).

. See Brief of National Black Chamber of Commerce, Sixty Plus Association, National Garage, Taxpayers Protection Alliance, Center for Individual Freedom, and National Taxpayers Union as Amici Curiae Supporting Appellants and Reversal; Brief of Johnson C. Smith University, Barber-Scotia College, Bennett College, Clinton Junior College, and Wilberforce University as Amici Curiae in Support of Defendants-Appellants and Reversal; and Brief of Tax Foundation & Law Professors as Amici Curiae in Support of Appellants and Urging Reversal.

. 26 U.S.C. § 6324(b).

. Id.

. Id. § 6601(e)(1).

. Id. § 6324(b).

. Id.

. Id.

. Ante at 862-63.

. Ante at 867 (reasoning that "our decision encourages transferees to fulfill their obligation to pay any unpaid gift taxes in a timely manner”).

. 26 U.S.C. § 6324(b).

. Ante at 862-63.

. 26 U.S.C. § 6901(a).

. Comm’r v. Stern, 357 U.S. 39, 42-44, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958) ("The courts have repeatedly recognized that [§ 690 l’s predecessor statute] neither creates nor defines a substantive liability but provides merely a new procedure by which the Government may collect taxes.”).

. Ante at 864.

. Ante at 865.

. 26 U.S.C. § 6601(a).

. Exxon Mobil Corp. & Affiliated Cos. v. Comm'r, 689 F.3d 191, 199-200 (2d Cir.2012) (quoting United States v. Merriam, 263 U.S. 179, 188, 44 S.Ct. 69, 68 L.Ed. 240 (1923)); see also United Dominion Indus., Inc. v. United States, 532 U.S. 822, 839, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001) (Thomas, J., concurring) (noting the “traditional canon” of construing revenue laws against the drafter); id. at 839 n. 1, 121 S.Ct. 1934 (Stevens, J., dissenting) (acknowledging this canon).

. Poinier v. Comm’r, 858 F.2d 917, 920 (3d Cir.1988).

. Baptiste v. Comm’r, 29 F.3d 433, 437 (8th Cir.1994) (quoting 26 U.S.C. § 6324(a)(2)).

. Baptiste v. Comm’r, 29 F.3d 1533 (11th Cir.1994).

. Id. at 1541.

. 26 U.S.C. § 6324(b) (emphasis added).

. See United States v. Woods, - U.S. -, 134 S.Ct. 557, 567 n. 5, 187 L.Ed.2d 472 (2013) (“Whether or not legislative history is ever relevant, it need not be consulted when, as here, the statutory text is unambiguous.”); Komman & Assocs., Inc. v. United States, 527 F.3d 443, 451 (5th Cir.2008) ('"Only after application of the principles of statutory construction, including the canons of construction, and after a conclusion that the statute is ambiguous may the court turn to legislative history.' ”) (quoting Carrieri v. Jobs.com, Inc., 393 F.3d 508, 518-19 (5th Cir.2004)).

. Supra note 19.

. See Ante at 865-66.

. Pointer v. Comm’r, 858 F.2d 917 (3d Cir.1988).

. Ante at 866.

. Pointer, 858 F.2d at 920-21.

. Id. at 920.

.Id.

. Id.

. 281 F.2d 577 (5th Cir.1960).

. Ante at 866.

. Patterson, 281 F.2d at 578-79, 581.

. Ante at 866 (citing Baptiste v. Comm’r, 29 F.3d 1533, 1542 (11th Cir.1994)).